George *vs.* The Board of Education.

---

JAMES H. GEORGE, plaintiff in error, *vs.* THE BOARD OF EDUCATION, etc., defendants in error.

1. Where there are several Acts of the Legislature passed upon the same subject matter, in construing a particular section of one of them, where the grammatical construction is doubtful, the general intent of the Legislature will control both the literal or strict meaning of words, so as to effectuate the objects of the law.

Mandamus, in Spalding Superior Court. Decision by Judge FLOYD, at May Term, 1862,

Plaintiff in error being a school teacher in Spalding county, in 1861, had, amongst his scholars, a number of children whose parents were in indigent circumstances and unable to pay for their tuition. Plaintiff taught these children with the same care and ability as he bestowed on other scholars who were engaged in the like studies. At the end of the

George *vs.* The Board of Education,

year he made out his account for the tuition of these children, against the Treasurer of the Board of Education, of Spalding county, charging for teaching them the same rates as he did for teaching other children who pursued the same studies. Plaintiff had been examined by the Board and found competent to teach the branches charged for. On presenting the account to the Board, they refused to allow but a part of the same, holding that plaintiff could charge but eight cents per day for teaching these children.

Plaintiff then filed his petition for the writ of *mandamus* to issue to defendants in error, requiring them to allow and pay his account, stating the above facts which were admitted by the defendants in their answer to the *mandamus nisi.*

Upon the argument in the Superior Court, the Judge decided that plaintiff, under the law for teaching poor children in the elementary branches, or in geography and grammar, or in both, could charge but sixteen dollars per year, and that the statute of 1859 so far repealed the Act of 1857 as to reduce the price of teaching poor children to sixteen dollars per year.

This decision is the error complained of.

STEWART, and DOYAL & COOK, for plaintiff in error.

ALFORD, *contra.*

*By the Court*—LUMPKIN, J., delivering the opinion.

By examining the Acts of 1857-8-9, there seems to be some confusion in the legislation of the State. The General Assembly seems to have jumbled together, the education of poor children and a common school educational system. Still, we think that the maximum amount of compensation allowed for children, entitled to the benefits of the public school funds, should in no case exceed the sum of sixteen dollars. The third section of the Act of 1859, (Pamphlet Acts, page 29,) is an extension of the second section of the Act of 1858, (Pamphlet Acts, 49,) as to the branches to be taught, and at the same time a limitation of the fifth section of the Act of 1857,

George *vs.* The Board of Education.

(Pamphlet Acts, page 10,) as to the compensation to be allowed.

The third section of the Act of 1859 reads thus: "That the words elementary branches wherever occurring in the Act, of which this is amendatory, shall be construed to mean spelling, reading, writing and arithmetic; but children entitled to the benefits of the public school funds shall not be debarred from pursuing the studies of English grammar and geography, the tuition of which shall be paid for out of said funds, *provided* said tuition shall not exceed the rates of sixteen dollars per annum."

It has been ingeniously argued by Mr. Cook, that "tuition" in this section, applies to the branches of "English grammar and geography," and this construction perhaps would do no great violence to the language. But we rather think, perhaps, in strictness of meaning, it relates to "the children," used in the previous part of the sentence or section, and not to the study of "English grammar and geography." At any rate we are quite sure that the Legislature never could have intended to pay extra compensation for these studies beyond the sixteen dollars allowed for the elementary branches previously enumerated.

Let the judgment be affirmed.