POLK *et al.*, commissioners, *vs.* JAMES, ordinary, *et al.*

1. For a failure or refusal to perform or complete their duty on the part of the commissioners created in Douglas county by the act of 1870, for the purpose of laying off town lots, selling the same and applying the proceeds, whereby the county was injured, *mandamus* was a proper remedy.

2. An office is a public station or employment conferred by the ap-pointment of the government. Any man is a public officer who is appointed by the government and has any duty to perform con-cerning the public. Nor does it matter that his authority or duty is confined to narrow limits.

3. The commissioners of roads and revenues of Douglas county were authorized to proceed against any county officer having the care of public money for the purpose of bringing him to a settlement.

4. The allegations in the petition for *mandamus* clearly showed a failure to discharge their official duty on the part of the defendants.

5. By the act of September 29th, 1881, the *proviso* which had authorized the continuance of this petition for *mandamus* having been repealed, no authority remained in the board to proceed further.

Officers. County Matters. *Mandamus.* Laws. Before Judge HARRIS. Douglas Superior Court. July Term, 1881.

Reported in the decision.

R. A MASSEY ; T. W. LATHAM, for plaintiffs in error.

No appearance for defendants.

CRAWFORD, Justice.

Ezekiel Polk *et al.*, commissioners of roads and revenues of the county of Douglas, petitioned the judge of the superior court for said county, to grant them a *mandamus nisi* against John C. Bowdon *et al.*, who under an act ·of the general assembly of Georgia of October 17th, 1870, had been appointed commissioners to purchase a tract of land at the place selected for a county-site, to lay off the same into town lots, sell them, and to apply the proceeds to the building of a court-house and jail for the said county.

The petition sets forth that the land was bought, divided into town lots and sold ; that the amount received therefor was $7,670.50 and that the contract price for building the court-house was $5,500.00, and for the jail $1,200.00 ; that the said commissioners have the same in hand, and refuse to pay it out as prescribed by law, or to account for the same. That there is a large sum due the contractors and builders of the court-house and jail, and their transferees, which sum is bearing interest at the rate of twelve per cent. per annum, and for which reason the holders thereof refuse to compel payment.

It is further set forth that there are some claims due

for property sold which they refuse to collect, and some property unsold, which they refuse to sell: That petitioners, who are the legally constituted commissioners of roads and revenues for said county, have demanded that the money retained by the said commissioners be paid over to them or the county treasurer, which they also refuse. That they have applied $1,000.00 to their own use, and $500.00 to other purposes than the building of the courthouse and jail. That the amount collected and not properly paid out is $3,700.00, and for which they refuse to account or settle.

The respondents demurred to the said petition for *mandamus* upon the following grounds in substance:

(1.) Because the petioners have a specific legal remedy, and the rights they set up cannot be enforced by *mandamus*.

(2.) Because the respondents are not officers and, therefore, the writ of *mandamus* does not lie against them, nor are the petitioners interested in the subject matter of said petition.

(3.) If the respondents are officers, the allegations do not show any failure to discharge official duty from which a defect in legal justice will ensue.

The court below, after argument had, sustained the demurrer, dismissed the petition and quashed the proceeding. This ruling is the error alleged.

1. By act of the legislature of 1870, the ordinary of the county of Douglas, with four commissioners named, to-wit: Jno. C. Bowdon *et al.*, were appointed to do and perform the specific duties set out in the petition of Ezekiel Polk *et al.* These duties were certainly official, and should have been performed faithfully. The allegations are clear and distinct that they have not been so performed. The respondents, on demurrer, admit the truth of the allegations, but assert that petitioners have a specific legal remedy. That they have such remedy as is adequate to the end of making them fulfill all the duties imposed by the act aforesaid, we do not see.

The duty assigned to these commissioners was one in which the public was interested; it involved the laying out of town lots, their sale, the collection of the money for the same, the building of a court-house and jail, the payment of the funds collected to the builders thereof, and our judgment is that there is no other specific legal remedy for their failure to discharge this statutory duty, and that *mandamus* lies to enforce it.  4  *Ga.*, 26,  116;  5  *Ib.*, 522;  12 *Ib.*, 170;  26 *Ib.*, 676.

2. But it is said that the respondents are not officers.

An office is a public station or employment conferred by the appointment of the government. And any man is a public officer who is appointed by government, and has any duty to perform concerning the public; nor is he any the less a public officer because his authority or duty is confined to narrow limits. (See Abbott, Jacob or Bouvier.) These respondents were appointed to discharge the particular duties mentioned in this petition by the legislature of the state, they accepted the appointment, and have partially discharged these duties, and we hold them to be officers under the law.

3. Another ground of demurrer is, that the petitioners are not interested in the subject matter of the petition.  They are the legally constituted board of roads and revenues for the county of Douglas, and as such, among other things, have the examining and auditing the accounts of all officers having the care, management, collecting or disbursement of the money belonging to the county, or appropriated for its use or benefit, and in bringing them to a settlement.  This shows that the petitioners are, as the guardians of the county funds, fully authorized to call the respondents to answer.

4. The last ground is that the allegations do not show any failure to discharge their official duty, from which a defect in legal justice will ensue.

The only statement necessary to meet this view of the case is to read the allegations, and it will appear that the defect in legal justice has already ensued.

5. Since writing the opinion in this case, counsel for defendants in error, who was not present on the argument of the case, has called our attention to a local act of the legislature, approved September 29th, 1881, repealing the *proviso* which had authorized the continuance of this petition for *mandamus*, notwithstanding the repeal of the law appointing the commissioners of roads and revenues for Douglas county.

This repeal leaving the case without any authority in the board of commissioners to act for them in the premises, we can only affirm the judgment. We do this the more readily, because the act provides for the further prosecution of the rights of the county by requiring these commissioners to fulfill their duties, and report their actings and doings to the grand jury.

Judgment affirmed.