COLEMAN *et al. v.* GLENN, commissioner, *et al.*

1. A statute declaring that a county officer, elected for a fixed term, "shall be removable" from his office "by the judge of the superior court of the county, on the address of two thirds of the grand jury, for inefficiency, incapacity, general neglect of duty, or malfeasance or corruption in office," but which makes no provision for any notice to such officer, or for a hearing of the charge or charges against him, with opportunity to make his defense, is unconstitutional; and an order of removal based upon such a statute is a mere nullity.
2. The writ of injunction does not, however, in such a case, lie to restrain the proper State official from issuing a commission to another person illegally appointed to such office upon the theory that a vacancy existed therein.
3. The equitable petition filed in the present case prayed for no relief which the court had authority to grant.

Argued January 19, — Decided March 1, 1898.

Petition for injunction.    Before Judge Gamble.    Tattnall county.    October 23, 1897.

On October 23, 1897, Coleman et al. presented to the judge of the superior court of Tattnall county their petition, alleging, in substance, that until October 9, 1897, the petitioners constituted, and they believe that they still constitute, the legal board of education of the county; that the grand jury of the county which convened on October 4, 1897, in its general presentments recommended that petitioners be removed from office for general neglect of duty in not looking after the school interests in the county as closely and attentively as they should have done, and further recommended that the judge of the superior court appoint as their successors W. C. Oliver, J. T. Eason, H. J. McGee, J. J. Barnard and M. M. Moody, which the judge accordingly did by an order passed October 12, 1897 (copy of which is exhibited), and a certified copy of this order was forwarded to the State school commissioner by the clerk of the superior court.    The petitioners were grievously wronged by the grand jury in the recommendation for their removal, as that body did not even give them an intimation of the same, and they were therefore entirely ignorant of its action and had no opportunity to defend themselves before it against the charges of neglect of duty, etc.    Had they known of the anticipated

action of the grand jury, they would have gone before it and vindicated their acts as members of the board of education. They have ever been diligent in office, employing every opportunity and all means possible for the betterment and upbuilding of the public schools of the county, and have at no time been negligent in their official duties as members of the board of education. They have been, without due process of law, deprived of their office, their reputation injured, and have been published to the world by the grand jury as unfit to discharge their official duties as members of the board of education; hence their damages will be irreparable. The grand jury acted without legal authority in recommending that they be removed from office, and the judge removed them from office instanter without giving them a hearing. The State school commissioner has agreed to withhold the issuing of the commission for the newly appointed board of education, for a short time, until petitioners have time to take proper legal steps. to vindicate their official acts as members of the board of education. They pray that the State school commissioner be enjoined, until further order, from issuing a commission to the persons appointed as their successors; that the latter be made parties defendant, and show cause why the recommendation of the · grand jury should not be declared inoperative and ineffective, and the order of the judge vacated; that petitioners be allowed to show cause why they should not be deprived of their office; that the recommendation of the grand jury be annulled and said order abrogated; and for general relief.

The court refused the prayer, and petitioners excepted.

*W. T. Burkhalter* and *James K. Hines*, for plaintiffs.

LUMPKIN, P. J.   1. Members of a county board of education are public officers. *Smith* v. *Bohler*, 72 *Ga.* 546. They are elected for fixed terms (Political Code, §1354), and are paid for their services out of the school fund.   Ibid. § 1355.   In 1887 the General Assembly passed an act which, among other things, provided that: "Any member or members of a county board of education shall be removable by the judge of the superior court of the county, on the address of two thirds of

the grand jury, for inefficiency, incapacity, general neglect of duty, or malfeasance or corruption in office." Acts of 1887, p. 72; Political Code, § 1356. Neither the act referred to nor the code makes any provision whatever for any notice to these officers, or for any hearing of charges against them as a condition precedent to their removal from office. We are therefore of the opinion that so much of the act of 1887, now embraced in section 1356 of the Political Code, as provides for the removal from office of members of a county board of education, is unconstitutional and void. While it is true that one who holds an office during the pleasure of the appointing power is removable without notice and without a hearing, this rule is not applicable when the office is held during good behavior or for a fixed term. "Where an officer holds his office for a certain number of years, 'if he shall so long behave himself well,' he can not be removed, even for misbehavior, without notice and a hearing. So where he is appointed for a fixed term, and removable only for cause, he can be removed only upon charges, notice, and an opportunity to be heard." Throop on Pub. Off. § 364. "Where an officer is *appointed during pleasure*, or where *the power* of removal *is discretionary*, the power to remove may be exercised *without notice or hearing*. But where the appointment is *during good behavior*, or where the removal can only be for certain *specified causes*, the power of removal can not . . be exercised unless there be a formulated charge against the officer, *notice* to him of the accusation, and a *hearing* of the evidence in support of the charge, and an opportunity given to the party of making defense." 1 Dillon's Mun. Corp. § 250. "Where the appointment or election is made for a definite term or during good behavior, and the removal is to be for cause, it is now clearly established by the great weight of authority that the power of removal can not, except by clear statutory authority, be exercised without notice and hearing, but that the existence of the cause for which the power is to be exercised must first be determined after notice has been given to the officer of the charges made against him, and he has been given an opportunity to be heard in his defense." Mechem's Pub. Off. § 454. And, in this connection, see, also, 19 Am. &

Eng. Enc. L. 562r\*. Among the cases almost without number which support the doctrine laid down as above by the text-writers, may be mentioned: Board of Aldermen *v.* Darrow, 13 Col. 460; State *v.* City of St. Louis, 90 Mo. 19; Field *v.* Com., 32 Pa. St. 478.

It may therefore be considered as settled beyond all doubt. or peradventure, that a public officer who has under the law a fixed term of office, and who is removable only for definite and specified causes, can not be removed without notice and a hearing on the charge or charges preferred against him, with an opportunity to make defense. It follows necessarily that a statute providing for the removal from office of such an officer for inefficiency, incapacity, neglect of duty, or other cause, and which makes no provision for giving him notice, or for allowing him to be heard in his defense, is contrary to the constitutional guaranty which declares that no person shall be deprived of life, liberty or property without due process of law. See Kennard *v.* Louisiana, 92 U. S. 480; Foster *v.* Kansas, 112 U. S. 201. The doctrine just announced was distinctly recognized and applied by this court in *Savannah, Florida & Western Ry. Co.* v. *Mayor & Aldermen of Savannah*, 96 *Ga.* 680, in which it was held that a section of the city charter of Savannah providing for condemning land for street purposes was unconstitutional because it made no provision for any notice to landowners whose property was to be taken. The principle of that case is directly applicable to the case in hand, and in accord with the rule which, so far as we are informed, prevails everywhere in this country. The order entered by the judge of the superior court of Tattnall county, upon the recommendation of the grand jury, undertaking to remove from office the members of the county board of education of that county, was a mere nullity. It was based upon an unconstitutional statute which made no provision for notice to these officers, and none was in fact given.

2. We are quite confident, however, that the officers thus sought to be removed could not enjoin the State school commissioner from issuing commissions to the persons named as their successors in the judge's order, nor enjoin such persons from assuming to exercise the duties of the office to which they

were appointed. In the first place, it is not to be presumed that the State school commissioner would undertake to issue commissions to persons not entitled to receive the same; and even if he did, such commissions would not be conclusive, but only prima facie evidence of their right to hold the office. The officers sought to be removed, but who were really rightly in office, would be under no obligation of surrendering to those presenting the new commissions; and, by simply declining to do so, could compel the latter to institute proper proceedings to test their legal right to the office. Moreover, the writ of injunction does not, in such cases, lie against an executive officer of the State. "It is not the province of a court of equity to interfere in cases involving merely the question of title to an office; and accordingly an injunction will not lie, either against the removing officer or body, to prevent the removal, or against the person appointed in place of the officer removed, to prevent him from exercising the duties of the office." Throop's Pub. Off. § 392. "No principle of the law of injunctions, and perhaps no doctrine of equity jurisprudence, is more definitely fixed or more clearly established than that courts of equity will not interfere by injunction to determine questions concerning the appointment or election of public officers or their title to office, such questions being of a purely legal nature, and cognizable only by courts of law. A court of equity will not permit itself to be made the forum for determining disputed questions of title to public offices, or for the trial of contested elections, but will in all cases leave the claimant of the office to pursue the statutory remedy, if there be such, or the common-law remedy by proceeding in the nature of a quo warranto. Thus, equity will not interfere by injunction to restrain persons from exercising the functions of public offices, on the ground of the illegality of the law under which their appointments were made, but will leave that question to be determined by a legal forum." 2 High on Injunctions (3d ed.), § 1312.

3. Our conclusion therefore is, that the trial judge rightly held that the equitable petition filed by the plaintiffs in error, by which they sought to enjoin the State school commissioner from issuing commissions to the persons named as their successors in

office, and to require the latter to show cause why the order of the judge based upon the recommendation of the grand jury should not be declared void, was without merit.    This is so for the obvious reason that the superior court of Tattnall county had no authority to grant the relief thus prayed for.    We have already intimated the course which, in our judgment, the plaintiffs in error may properly pursue in this matter.

*Judgment affirmed.    All concurring, Little, J., specially.*