## SOUTHERN RAILWAY COMPANY *v.* SAMS.

No error of law appears, requiring a new trial, and the evidence was sufficient to support the verdict.

AUGUST 22, 1911.

Action for damages. Before Judge Roan. Fayette superior court. January 14, 1911.

*C. E. Battle, Howell Hollis,* and *Blalock & Culpepper,* for plaintiff in error. *J. W. Wise,* contra.

HOLDEN, J. The defendant in error (hereinafter referred to as the plaintiff) sued the plaintiff in error (hereinafter referred to as the defendant) for damages because of the alleged negligence of the defendant in not stopping the train on which the plaintiff was a passenger a sufficient length of time, after it reached her destination at Woolsey, Ga., to allow her to alight in safety, and in causing the train to suddenly start and violently jerk while she was on the steps of the car in an effort to disembark, thereby throwing her from the car and injuring her. A verdict was rendered in favor of the plaintiff, and to the order of the court refusing it a new trial the defendant excepted.

One ground of the motion for a new trial is as follows: "Because the court erred, as movant insists, in charging the jury as follows: 'If Miss Sams boarded the train at the time stated, and

her destination was Woolsey—if she bought a ticket and got on the
train, expecting to get off at Woolsey when the train arrived there,
and they had taken up her ticket, they were bound to stop that
train a reasonable length of time so as to let her alight in safety.
If they did that, and she failed herself to exercise ordinary care
and diligence required of her by which the injury she alleges could
have been avoided, then she can not recover.' The vice complained
of being the conjunctive clause last added to the charge quoted,
defendant contending that if it had stopped the train a reasonable
length of time for her to alight in safety, it had discharged its
duty to her, and would not be liable, without further qualification;
but the joining of the qualification added by the court confuses and
confounds the defenses open to the defendant as embodied in code
sections 2321 and 3830, and imposes a greater burden upon the
defendant than is authorized by the laws, deprived it, as it does,
of the defense that its servants and agents had exercised all care
and diligence." The charge excepted to was not error requiring a
new trial, for any reason assigned in the exception thereto, in view
of the entire charge. The court charged the jury, in different por-
tions of the charge, as follows: "Miss Sams was required to use
ordinary care and diligence to protect her person from injury,
while traveling as such passenger. If she did not use ordinary
care and diligence to protect her person, she can not recover. . .
A carrier of passengers—and this railroad was the carrier of pas-
sengers when it undertook to carry plaintiff from Atlanta to
Woolsey, Ga.,—she was a passenger, and they were bound to extra-
ordinary diligence on the part of themselves to protect her life and
person; but said carrier of passengers is not liable for injuries to
the passenger if they use such diligence. . . No person shall
recover damages from a railroad company for injury to himself
or his property, where the same is done by his consent, or is caused
by his own negligence. If the complainant and the agents of the
company are both at fault, the former may recover, but the damages
shall be diminished by the jury in proportion to the amount of
default attributable to him. If the evidence shows that the plain-
tiff was less at fault than the defendant, and that by the exer-
cise of ordinary care and diligence she could have prevented the
damage she alleges she sustained, if she sustained any, then the
plaintiff could not recover; but if the evidence shows that the plain-

tiff is less at fault than the defendant and by the exercise of ordinary care could not have prevented or avoided injury, if any is shown, then in that kind of a case, if both are at fault, the plaintiff may recover, but the damage shall be diminished by the jury in proportion to the amount of default attributable to her. If the plaintiff could have avoided the injury to herself by the exercise of ordinary care and diligence, she can not recover. If the injuries complained of were not caused by the negligence of the defendant, and as alleged, she can not recover. . . If the railroad took up her ticket and stopped there at that station, they had to exercise extraordinary care and diligence in protecting her to alight in safety; and if they failed to stop a sufficient length of time to give her a reasonable opportunity to alight, and, before she had time in the exercise of a reasonable amount of ordinary diligence on her part, they started the train with such a sudden jerk, before she had time to leave the train, and if you believe in so doing they were not exercising extraordinary care and diligence, and she was injured as she alleges, and the same is shown by the evidence, she would be entitled to recover." In view of the above-quoted portions of the charge, we do not think the jury were, by the charge excepted to, misled into the belief that the plaintiff could recover if it appeared that the defendant was guilty of the negligence alleged, even though the plaintiff could have avoided the consequences of the same by the exercise of ordinary care, nor was the jury led into the belief that the plaintiff could recover even though the defendant was not guilty of the negligence alleged. The court several times told the jury that the plaintiff could not recover if the injury was the result of her failure to exercise ordinary care and diligence, nor could she recover if she was not injured by reason of the alleged negligence of the defendant. In view of the entire charge, the charge excepted to was not error requiring a new trial for any reason assigned.

The only other ground of the amendment to the motion for a new trial is as follows: "Because the court erred, as movant insists, in charging the jury as follows: 'If this young lady had had an operation performed for adenoids, and if she was already sick, suffering from the same, and if she afterwards received the injury alleged at this place, and afterwards was laid up for some time, and suffered pain, and was sick, look to the evidence and see

whether or not you can determine from the evidence, with a reasonable degree of certainty, whether that sickness came from that operation or from the act of the railroad company.' The error and vice complained of being that the charge is an expression of opinion by the court in the use of the last clause therein, 'or from the act of the railroad company,' tantamount to a statement by the court that the act of the railroad company, if the same caused the injury, was a negligent act. And the charge quoted also tended to impress the jury, that if the operation alleged was not the cause of the injuries alleged, then the railroad was necessarily the cause and would be liable therefor, without regard to whether the railroad was negligent or not." After giving the charge above quoted, in immediate connection therewith the court instructed the jury as follows : "If her sickness, pain, and suffering occurred on account of the operation performed, then plaintiff would not be entitled to recover in this case ; but if the sickness, pain, and suffering resulted from the alleged act of the railroad, and you find the railroad was at fault — negligent in not exercising the diligence required by law, which I have already charged you, then she would be entitled to recover for whatever pain and suffering resulted from that act of the defendant company. That is a plain proposition, and it is for you to determine. Work it out with a view of determining what is right between these parties. You are supposed to be impartial between the parties. Let your verdict speak the truth. When you write it, it ought to be the truth as clearly as twelve honest men can write it. There is no claim for lost time. The claim for physician's bill has been abandoned ; therefore do not consider it at all in this case. In the event you find the railroad is liable, and that plaintiff is entitled to recover in this case, she can only recover for pain and suffering, and then only on account of pain and suffering resulting from the alleged injury in the manner and form described." The evidence was undisputed that after the alleged negligent acts of the defendant the plaintiff underwent pain and suffering. She contended that this pain and suffering was caused by the alleged negligent acts of the defendant, causing her to be thrown from the train. The defendant contended that such pain and suffering, if the plaintiff underwent any after the time of the alleged negligent acts of the defendant, were the result only of an operation for adenoids, which the plaintiff had had

performed in Atlanta on the day of the alleged injury. The charge
excepted to was not harmful to the defendant, in view of the issues
made by the pleadings and the evidence, especially in view of the
other instructions given the jury, above quoted. The only other
grounds of the motion for a new trial are the general grounds that
the verdict is contrary to law and evidence and without evidence
to support it. The evidence was sufficient to support the verdict.

    *Judgment affirmed. Beck, J., absent. The other Justices concur.*