### 9266.   MAYOR AND ALDERMEN OF SAVANNAH v. MONROE.

LUKE, J.   1. "When a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position through a judgment of the court, or through the acquiescence of the opposite party to his prejudice, he will not thereafter be permitted to assume as to the same subject-matter and against the same adversary a contrary position." *Haber-Blum-Bloch Hat Co.* v. *Friesleben*, 5 *Ga. App.* 123 (62 S. E. 712). See also Park's Ann. Code, § 5736, and citations under catchwords, "Position" and "Admissions in judicio."

2. The power of a municipal corporation to institute proceedings against and remove from office for misconduct any of its corporate officers, whether so declared in its charter or not, is no longer open to question in this State.   *Mayor &c. of Savannah* v. *Grayson*, 104 *Ga.* 105 (3), 113 (30 S. E. 693).   That such power, if exercised judicially, is generally conclusive upon the removed officer, unless the judgment is subsequently set aside, is also well settled.   *Queen* v. *Atlanta*, 59 *Ga.* 318; *Oliver* v. *Americus*, 69 *Ga.* 165.

3. In this case, however, the removed officer was proceeding by certiorari to set aside the judgment of the mayor and aldermen, which was rendered judicially.   Pending the certiorari the term of office in question expired.   The defendant city thereupon moved to dismiss the certiorari,

on the ground, among others, that a decision thereof would "be vain and useless", for any purpose. To this motion the plaintiff replied that a decision of the case was necessary, in order that his claim for salary might be subsequently adjudicated, the plaintiff seeking thereby to follow the rule stated in the preceding paragraph. The court sustained the defendant's motion and dismissed the certiorari, but expressly provided in the judgment that it should be without prejudice to the plaintiff in this suit for his salary. That judgment has not been set aside, but yet remains of full force. See *Mayor &c. of Savannah* v. *Monroe,* ante, 190 (95 S. E. 731). *Held:* (*a*) Under the rule stated in the first paragraph above, the defendant is now estopped from invoking the rule stated in the second paragraph, not only because the defendant has previously assumed and successfully maintained a position contrary to that rule, but also because that judgment has not been set aside and is binding upon the parties. (*b*) Until reversed or set aside, the provision in the judgment dismissing the certiorari' that the same should be "without prejudice to the plaintiff in certiorari," etc., is binding alike upon the parties and upon the court, in the same or any subsequent proceeding between the same parties respecting the same subject-matter. *Cheney* v. *Selman,* 71 *Ga.* 384 (2); *Sims* v. *Ga. Ry. & El. Co.,* 123 *Ga.* 643 (51 S. E. 573); *Matthews* v. *State,* 125 *Ga.* 248 (54 S. E. 192). (*c*) Under the facts of this case, the judgment complained of in the petition for certiorari must stand upon the same footing as if the municipal authorities had acted ministerially and not judicially. In other words, their judgment is not now conclusive of the question in the superior court.

4. The failure of the court to hear and determine a certiorari within any given period can not operate to deprive the petitioner of any substantial right. Especially is this true where, as in this case, it does not appear that the court's delay is attributable to the petitioner.

5. Where a person entitled to hold an office in a municipal corporation has been wrongfully deprived thereof, and the salary of the office has been received by a person who has de facto held the office, although not entitled thereto, the right of action of the de jure officer to recover such salary is against the usurper, and not against the municipality. 1 Dillon, Mun. Corp. (5th ed.) 748, § 429; 2 McQuillin, Mun. Corp. 1125, § 518. But where, as in this case, instead of choosing a successor to the removed officer, the municipal authorities attempt to abolish the old office and then create a new office, the person chosen to fill the new office is not a de facto successor to the removed officer, even though all the duties of the vacant office are by ordinance declared to be a part of the duties of the new office.

6. It is not within the power of a municipal corporation to abolish an office created by or recognized in its charter. *Wilson* v. *Dalton,* 135 *Ga.* 240 (69 S. E. 163). The office of superintendent of the fire department of the City of Savannah is such an office. See Acts of 1900, p. 422. Since in this respect the charter of a municipal corporation is analogous to the constitution of the State, the decision of the Supreme Court in *Morris* v. *Glover,* 121 *Ga.* 751 (49 S. E. 786), is also in point.

7. An action by a wrongfully removed officer to recover his salary differs from an action by a wrongfully discharged servant to recover his wages, in at least two important particulars: (1) Payment of the salary in question to another person who performs the same duties may, in a proper case, constitute a good defense on behalf of the municipality, whereas such payment of wages is no defense on behalf of the master. (2) Earnings of the removed officer at other callings are of no concern in a suit against the municipality, whereas the earnings of a discharged servant always constitute a defense pro tanto in a suit against the master.

8. Grounds of demurrer not covered by the foregoing rulings are without substantial merit.

9. The petition as amended set out a cause of action, and the court did not err in overruling the demurrers.

Judgment affirmed. <i>Wade, C. J., and Jenkins, J., concur.</i>

DECIDED MAY 14, 1918. REHEARING DENIED JULY 30, 1918.

Complaint; from Chatham superior court—Judge Meldrim. September 21, 1917.

*Robert J. Travis, David S. Atkinson,* for plaintiff in error.

*Osborne, Lawrence & Abrahams,* contra.