## 9986. BURNEY *v.* MAYOR AND COUNCIL OF BOSTON.

JENKINS, J. 1. "A municipal corporation has an incidental power to institute proceedings against, and remove from office for misconduct, all corporate officers, though the power to do so be not expressly given by the charter of such corporation." *Mayor etc. of Savannah* v. *Grayson,* 104 *Ga.* 105 (30 S. E. 693).

2. In such cases the governing authorities may act either judicially or ministerially. Where a municipal official, as in this case, is the incumbent of an office established by law with a prescribed tenure, and is not merely an appointee holding at the pleasure of the governing power, in order that the act of amotion may have the force and effect of a judgment it is a necessary prerequisite that notice shall first have been given to the delinquent official of the grounds or cause for his removal, and opportunity for a hearing granted him thereon.· *Coleman* v. *Glenn,* 103 *Ga.* 458 (30 S. E. 297, 68 Am. St. R. 108); *Edge* v. *Holcomb,* 136 *Ga.* 765, 768 (70 S. E. 644); *Wright* v. *Gamble,* 136 *Ga.* 376 (71 S. E. 795, 35 L. R. A. (N. S.) 866, Ann. Cas. 1912C, 372). Where the power of removal is thus exercised judicially, 'the judgment so rendered is generally conclusive upon the removed officer, unless it is subsequently set aside. *Queen* v. *Atlanta,* 59 *Ga.* 318; *Mayor and Aldermen of Savannah* v. *Monroe,* 22 *Ga. App.* 285 (96 S. E. 500).

3. In such a proceeding, where the governing authorities act judicially, if · there be an ordinance prescribing the form of procedure, the terms thereof must be adhered to and followed. 2 Dillon, Mun. Corp. (5th ed.), §§ 467, 468.

4. Where the ordinances relating to this subject provide that "for any neglect or violation of duty, the marshal and collector shall be liable *on conviction* [italics ours] to a fine not exceeding fifty dollars, suspension or expulsion, or a fine and either of the other penalties, in the discretion of the mayor and council," and that, "if any officer charged with any offense shall request it, he shall be furnished with a copy of the charges against him, and, if he desires to make a defense, may appear before the mayor and council in person, or by attorney, and show cause, if any he can, why he should not be punished," reference is had by the terms of the ordinance itself to the furnishing of pending charges, in order that such official can, if he desires, appear and make his defense. It does not have reference to the mere furnishing of a statement of the procedure and the grounds thereof of an action which has already been taken.

5. Under the undisputed facts disclosed by the pleadings and the evidence in this case, the proceeding taken by the municipal authorities against the delinquent marshal was ministerial only; and where, thus acting ministerially, the governing authorities summarily suspend or discharge such an official for dereliction in his duties, without prior notice given or opportunity for him to be heard, the procedure has nothing of the binding force and effect of a judgment, and is not conclusive upon the suspended or discharged official. *Oliver* v. *Americus,* 69 *Ga.* 165.

7. In such a case the official who by virtue of the exercise of the ministerial

powers of the governing authorities has thus been summarily suspended or discharged, not being concluded, is authorized in this State, unless such right has been waived, to bring his suit against the municipality for his wages or salary, without first having been reinstated. *Oliver* v. *Americus*, 69 *Ga.* 165, 169; *Davis* v. *Cordele*, 115 *Ga.* 770, 771 (42 S. E. 63). The rule in certain other jurisdictions seems to be different, some courts holding that reinstatement by a competent legal tribunal in direct proceedings taken for that purpose is always a condition precedent to such right of recovery, even though the act of amotion be purely ministerial, these holdings being to the effect that title to office can not be tried in an action to recover the salary incident thereto. See 28 Cyc. 450, § 13 (d); 19 R. C. L. 941, § 241; *Selby* v. *Portland*, 14 Or. 243 .(12 Pac. 377, 58 Am. R. 307).

8. If an official who. has been duly elected to and who has qualified in an office, the tenure of which is fixed by statute, should be removed from office, not by virtue of a judicial proceeding taken for such purpose with notice first given, but summarily and by virtue only of the exercise of the inherent ministerial powers of the governing authorities, he is prima facie still entitled to the emoluments of the office; and upon his bringing suit therefor it is the right and privilege of the municipality to defend by setting up and proving either of the two following grounds of defense: 1st, the existence of any ground or cause whatever such as would justify the act of amotion; or 2d, in the event no such reason can be actually made to appear, it is still permissible to show as a ground of defense that the action of the governing authorities was nevertheless taken in good faith, and that the salary of the office has in the meantime been thus paid to· a de facto officer. Whether the governing authorities had justifiable cause for their action, and if not, whether the reasons existing were such as to authorize a finding that the acts of removal and the subsequent payment of the salary to a de facto officer were arbitrarily taken, or proceeded in good faith, are usually issues of fact to be determined by the jury. Thus, in a suit by such an official who has been thus removed, if the evidence is in conflict as to whether there was actual ground or cause for removal, it would be reversible error for the court to charge, without qualification, that "even if his removal is illegal, such officer can not recover against the city for salary during the period when his office was filled and his salary paid to another appointee." *Mattox* v. *Board of Education*, 148 *Ga.* 577 (97 S. E. 532). But, since in this case the plaintiff himself admits that he refused to levy certain executions issued by the city, without showing by the record or even contending that they were void upon their face, it must be taken that the authorities had sufficient ground for removal, and consequently the question of good faith does not enter. *Gladden* v. *Cobb*, 73 *Ga.* 235; *Singer Mfg. Co.* v. *Barnett*, 76 *Ga.* 377; *Wilbur* v. *Stokes*, 117 *Ga.* 545 (43 S. E. 856).

*Judgment affirmed.* *Wade, C. J., and Luke, J., concur.*

DECIDED JUNE 12, 1919.     REHEARING DENIED JULY 17, 1919.

Complaint; from city court of Thomasville—Judge W. H. Hammond. July 13, 1918.

*Titus, Dekle & Hopkins,* for plaintiff.

*C. E. Hay,* for defendant. •

ON MOTION FOR REHEARING.

Whether the executions issued by the city would have been void upon their face had they shown that they were issued in whole or in part for amounts due the city for lights and water, fixtures, and appliances, including bath-tubs, etc., need not be considered by this court. Although the city fi. fas. which the marshal refused to execute do not appear in the record, still the undisputed evidence is to the effect that they did not show upon their face what constituted the items covered by the amounts stated therein; and it therefore affirmatively appears that the executions were not void upon their face for this reason.

Had the question of good faith on the part of the municipal authorities been in fact involved, then the excerpt from the charge quoted in paragraph 8 of the decision would have been reversible error, upon exceptions having been taken pointing out that the court failed to qualify the same to the effect that such action, if taken without sufficient cause, in order to afford protection to the city, must have been taken in good faith. However, irrespective of the fact that we do not consider the question of good faith to be involved in this case, the exception as actually taken to the portion of the charge complained of assigns error solely upon the ground that the charge as thus given was erroneous for the reason that where a de jure officer has been illegally removed, the payment of the salary to a de facto officer could not defeat the de jure officer's right thereto, whereas, under the ruling recently announced by the Supreme Court in *Mattox* v. *Board of Education,* supra, such is not the law when such action is taken in good faith, even though without sufficient cause. The motion for a new trial makes no assignment of error based upon the failure of the court to thus qualify the charge excepted to in accordance with the rule thus stated.

*Motion for rehearing denied.*