23095. LENTZ *v.* CITY COUNCIL OF AUGUSTA.

DECIDED FEBRUARY 17, 1934.

*Curry & Curry,* for plaintiff. *William T. Gary,* for defendant.

JENKINS, P. J. 1. "Where the tenure of an *office* is not pre-scribed by law, the power to remove is an incident to the power to appoint. In such case, the appointee holds at the pleasure of the appointing power, although it attempts to fix a definite term; and no formalities such as the preferring of charges or the granting of a hearing to the incumbent are necessary to the lawful exercise of the authority of removal." *Wright* v. *Gamble,* 136 *Ga.* 376 (71 S. E. 795, 35 L. R. A. (N. S.) 866, notes, Ann. Cas. 1912C, 372). In the case of a public office established by law with a prescribed tenure, the rule as to notice and hearing is otherwise. *Burney* v. *Mayor &c. of Boston,* 24 *Ga. App.* 7 (2) (100 S. E. 28), and cit. These principles are applicable to municipal officers. A municipal *employee,* as distinguished from an officer, employed by a city under a lawful contract of employment for a fixed term, or a term renew-able automatically or by implication, can not be legally discharged before the end of the term so fixed or renewed, in the absence of a breach of contract by the employee, on account of unfitness or other cause. 43 C. J. 911 (§ 1669).

2. The distinction between a public officer and a public em-ployee is often so close that it is difficult for any inflexible abstract test to separate in all cases the two groups with their respective legal rights. "An individual who has been appointed or elected in a manner prescribed by law, who has a designation or title given him by law, and who exercises functions concerning the public, as-signed to him by law, is a public officer. *Bradford* v. *Justices,* 33 *Ga.* 332 (2). The term "office" has reference to functions con-ferred by public authority and for a public purpose. Thus, a posi-tion which has been specifically created by law for the discharge of designated public functions is a public office, and the properly selected incumbent thereof is a public officer. The dignity of the position, the language used in providing for the selection of the in-cumbent, the nomenclature designating the position, the fact that the incumbent may, or may not, be required to take an oath for the proper performance of his duties, and that he is, or is not, required to give bond, may sometimes in doubtful cases constitute indicia or earmarks helpful in determining whether the position is or is not a

public office. But at last the underlying and controlling test is whether or not the person fills a position expressly created by law for the discharge of public duties prescribed or indicated by law, involving an exercise of some part of the sovereign power. Where there is thus created an office, it may be only a subordinate one, and the fact that the official in the discharge of its duties may be primarily accountable to a superior officer or officers does not operate to change the rule. Accordingly, in the instant case, it appearing that the position of superintendent had been created by law for the University Hospital of Augusta, owned by the city, and that the duties pertaining to the position were public duties and were prescribed by law, in that it was made the duty of the superintendent to operate and maintain the hospital under its trustees, to whom he was accountable, it must be deemed and adjudged that the position thus indicated constituted a public office; and it further appearing that the superintendent had been selected to fill the position in the manner prescribed by law, he therefore, as such superintendent, must be deemed to have been an officer and not merely an employee.

3. The tenure of the office, as outlined above, not being prescribed by law, the power to remove the incumbent at any time was incident to the power to appoint. Consequently, after the plaintiff superintendent in this case notified the proper authorities that he had accepted another position and would terminate his connection with the hospital at a named future date, and he was removed prior thereto, he was not entitled to recover from the city unearned salary for the period after his removal until the time when his connection with the city was intended by him to be terminated. The court did not err in sustaining the general demurrer to his petition.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*