EVANS *v.* WEST.

No. 11033. MAY 16, 1936.

*Randall Evans Jr.*, for plaintiff. *West & Fleming*, for defendant.

PER CURIAM. 1. The charter of the City of Thomson provides (section 2) for the election of a mayor and council in January, 1929, and biennially thereafter, "to serve two years and until their successors are elected and qualified." Ga. L. 1927, p. 1633. Section 19 provides: "At the first regular meeting after their qualification the mayor and council shall elect a city attorney,

whose term of office shall be three years." These provisions of the charter are not wholly irreconcilable; and under a proper construction the special provision as to the term of the city attorney must be given effect, and such term is three years from the date of his election. Under such construction, it appeared from the petition and the undisputed evidence that the relator in the quo warranto proceeding was the lawful city attorney, unless he had been lawfully removed by the mayor and council under a provision of section 29 of the charter quoted in the next paragraph.

2. Section 29 provides as follows: "That the mayor and council of said city shall have the right at any time, without trial, to suspend or remove any of said officers elected by mayor and council, for breach of duty or for failure to do his duty, insubordination, incapability, or for conduct unbecoming an officer or gentleman, or for other good and sufficient causes or reasons, to be judged by the mayor and council." It appeared without dispute that the mayor and council passed an order purporting to "dismiss" the relator as city attorney without a trial, but that the order was not based upon any cause or reason within the purview of this section. The order of dismissal without a trial was not in conformity to the statute, there being nothing in the record to show that it was based upon cause, in accordance with the requirements of the statute.

3. Under the foregoing rulings and the undisputed evidence, the relator was entitled to the office of city attorney, and the judge erred in rendering judgment against him, and in favor of the respondent, on quo warranto.

*Judgment reversed. All the Justices concur, except Beck, P. J., and Hutcheson, J., who dissent.*

BECK, Presiding Justice, dissenting. On the first day of July, 1935, Randall Evans Jr. presented to the judge of the superior court a petition for quo warranto against J. Q. West, in which it was alleged that the defendant was discharging the duties of city attorney of Thomson, and that the plaintiff was entitled to that office. The petition was ordered filed and was filed with the clerk of the superior court on July 16, 1935. A hearing was had on the petition at Lincolnton on July 22, 1935, according to the order previously granted. The defendant filed a demurrer to the petition, and the plaintiff filed a demurrer to the answer of the de-

fendant. The court reserved his decision on the demurrers and proceeded with the hearing on the petition and answer, there being no question of fact to be submitted to the jury, but the question raised by the petition and the answer was a question of law. The court, after the hearing, reserved his decision on the whole case until August 3, 1935, when he rendered a decision overruling the demurrer to the petition and the demurrer to the answer. On the same day the court rendered a judgment on the petition and the answer, in which he declared the defendant to be the lawful holder of the office in question.

In the petition it is alleged that under authority of section 19 of the act creating the charter of the City of Thomson (Ga. L. 1927, pp. 1640-1641), which provides that the "mayor and council shall elect a city attorney, whose term of office shall be three years," the mayor and council of the City of Thomson unanimously elected the relator to the office of city attorney on January 9, 1933, for a term of three years, and that the term of office to which he was elected expires on the second Monday in January, 1936; that the plaintiff took office and served in that capacity until January 29, 1935, when the mayor and council illegally undertook to elect Judge J. B. Burnside to the office; that on July 9, 1935, the mayor and council illegally undertook to elect J. Quinn West, the defendant, to the office of city attorney, in the place of Judge Burnside, who had died; that prior to Judge Burnside's death the plaintiff filed quo warranto proceedings, but asked the judge to withhold issuing the writ until Judge Burnside's health improved, which request was granted, and hence no writ had issued at the time of Judge Burnside's death. The plaintiff claims the office and alleges that the defendant, West, is wrongfully undertaking to discharge the duties thereof.

The defendant's answer denied the material allegations of the petition.

To the judgment holding the respondent to be the lawful holder of the office in question the relator excepted.

1. One ground upon which the plaintiff in error seeks a judgment of reversal is that the judgment of the lower court was rendered after the expiration of ten days from the date of the service of the writ, and that the court could not render a judgment after the expiration of ten days. Code of 1933, § 64-203, declares:

"The writ of quo warranto may be returned, heard, and determined by the judge of the superior court within ten days from its service on the defendant, in all cases where there is no fact in dispute." The judgment though rendered after the expiration of ten days was a valid judgment. So much of the statute as declares that the writ of quo warranto "may be returned, heard, and determined within ten days from its service on the defendant " is permissive and does not render invalid a judgment rendered subsequently to the expiration of the ten days.

2. The court below did not err in overruling the demurrer to the answer to the relator's petition.

3. In view of the facts contained in the record, which were before the judge when he considered the case and rendered the judgment excepted to, he did not err in holding the respondent entitled to the office in question. It appears from the records of the city council of Thomson that on January 9, 1933, the relator in this case was elected attorney for the City of Thomson. In the charter of the city it is provided that the mayor and council "at the first regular meeting after their qualification" shall elect a city attorney "whose term of office shall be three years;" but it also appears from the charter of the town that the mayor and council are elected for a term of two years. These provisions in the charter are irreconcilable, and it was manifestly a mistake in the statute, perhaps in the transcription of the same, that the term of the attorney of the city should be three years. The word three was very probably inserted by mistake instead of the word two. For, taking into consideration the express provision in the charter that the mayor and council should be elected for a term of two years, and the express provision that at the first regular meeting after their qualification they should elect an attorney for the city, it is apparent that it was only intended that the city attorney should be elected for a term of two years.

But whether we are authorized to hold that where the charter provides for an election for three years the term "three years" should be changed to "two years," nevertheless the judgment rendered in the case was authorized under the facts. While no express resolution removing the relator is shown to have been passed, the following appears from an extract from the minutes of the meeting held on January 29, 1935: "The election of city attorney

was brought up for discussion. Applications from Judge Burnside and Col. Evans were received for this office. Ballot. was taken, and Judge Burnside was unanimously elected for a term of two years. Judge Burnside to be notified of this, and that he would not receive any compensation for city attorney, or special compensation for court trials, if the council had to pay Col. Evans for the year 1935. Judge Burnside to take office with this understanding." And then another extract from the minutes of the meeting on February 12, 1935, is as follows: "Letter from Col. Evans, regards to city attorney's salary, was brought before the council. After some discussion of this matter it was decided that Judge Burnside write Col. Evans with authority of the council, that he was dismissed as city attorney and that there would be no salary for the year 1935." Judge Burnside died, and an extract from the minutes of council of July 9, 1935, after the death of Judge Burnside, is as follows: "Mayor Knox brought up the question of appointing a city attorney to fill the unexpired term of the late Judge Burnside. Applications were received from Col. J. Q. West and Col. B. J. Stevens. After some discussion of these applications, a motion was made and carried unanimously, and J. Q. West was duly elected as city attorney to fill the unexpired term of J. B. Burnside, deceased."

In consideration of these three extracts from the minutes of the meetings of council, it is apparent that the relator had been "dismissed" as city attorney. We treat the word "dismissed" as used in one of the extracts as equivalent to removal. And under the terms of the charter of the City of Thomson the mayor and council were authorized to remove the city attorney. In section 29 of the act amending the charter of the City of Thomson is the following provision: "Be it further enacted, that the mayor and council of said city shall have the right at any time, without trial, to suspend or remove any of said officers elected by mayor and council, for breach of duty or for failure to do his duty, insubordination, incapability, or for conduct unbecoming an officer or gentleman, or for other good and sufficient causes or reasons, to be judged by the mayor and council." This provision in the charter expressly provides for the suspension or removal of any of the officers elected by the mayor and council. The city attorney was one of the officers elected by the council. While, as we have said

above, there is no express resolution removing the attorney, ·we do know that the resolutions passed by a town council are frequently very informal. But the expressions quoted from the minutes of council are sufficiently clear to show there had been a removal of the relator in this case.

For the reasons stated above, I dissent from the decision of the majority. Justice Hutcheson concurs in this dissent.