30359. MAYOR AND COUNCIL OF THE CITY OF BUTLER
*v.* HORTMAN.

DECIDED MARCH 11, 1944.   REHEARING DENIED MARCH 30, 1944.

*Jule Felton,* for plaintiff in error. *R. S. & C. W. Foy,* contra.

SUTTON, P. J. (After stating the foregoing facts.) The defendant contends that the plaintiff was employed by the month, and was subject to dismissal at the end of any month without notice or hearing of any kind. The charter provides for the election of a marshal, and if deemed necessary by the mayor and aldermen, a deputy marshal, and any other officer they may deem necessary for the government of the city, each of whom, unless removed, to remain in office two years, or until his successor is elected and qualifies. "An individual who has been appointed or elected in a manner prescribed by law, and who has a designation or title given him by law, and who exercises functions concerning the public assigned to him by law, is a public officer." *Bradford* v. *Justices of Inferior Court,* 33 *Ga.* 332 (2). In this connection, see *Polk* v. *James,* 68 *Ga.* 128 (2) ; *Lentz* v. *Augusta,* 48 *Ga. App.* 555 (173 S. E. 406). In the present case, the office, tenure, and the time and method of the election of the marshal and deputy marshal are contained in the city charter. While the original appointment or election of the plaintiff does not appear, it does appear that on February 2, 1943, he and J. D. Cook were "retained as policemen," which indicated that they had been previously elected and were then serving as policemen. The charter authorized the mayor and council to elect a marshal and a deputy marshal, if they deemed it necessary, and whether the plaintiff was the city marshal or the deputy marshal he was, nevertheless, a public officer of the defendant city. The case of *Raley* v. *Warrenton,* 120 *Ga.* 365 (47 S. E. 972), cited by the plaintiff in error, is distinguishable on its facts from the present case, for in that case the charter expressly provided for the election of only one marshal, and the town attempted to employ two

men to fill the single position of marshal, while in the present case the charter expressly provides that two men may be elected or appointed as marshal and deputy marshal, and each is to have a term of two years, unless removed.

The defendant contends further that even if the plaintiff was the marshal or deputy marshal, under the provisions of the city charter, he was subject to removal without a notice or hearing and without any charges being preferred against him. The charter provides that the terms of the marshal and deputy marshal are to be two years, unless removed, and that the "mayor and aldermen shall have full power over said officers to remove from office, or to punish by fine not exceeding $200 for any neglect, malpractice in or abuse of office." The evidence shows that no charges were preferred against the plaintiff, and that no notice or hearing was given him before the passage of the ordinance or resolution purporting to terminate his employment with the defendant. The controlling issue is whether or not, under the provisions of the charter, it was necessary to prefer charges against the plaintiff and have a hearing thereon before removing him from office. In construing a statute, the intention of the legislature is a proper subject of inquiry; but that intention must be gathered from the act itself, and others upon the same subject-matter. *Ezekiel* v. *Dixon,* 3 *Ga.* 146. "Where there are several acts of the legislature passed upon the same subject matter, in construing a particular section of one of them, where the grammatical construction is doubtful, the general intent of the legislature will control both the literal or strict meaning of the words, so as to effectuate the objects of the law." *George* v. *Board of Education,* 33 *Ga.* 344. In the present case, the provision of the charter with respect to removal of the city officers is not plain and unambiguous. The plaintiff contends that he could be removed only after notice and a hearing for neglect, malpractice in or abuse of office, while the defendant contends that he could be removed without notice or hearing and for any reason or cause satisfactory to the mayor and aldermen. The present charter of the defendant city was adopted by an act of the General Assembly approved August 18, 1919; and the preamble to the act states that it is "An act to amend, revise and consolidate the act granting corporate authority to the Town of Butler, and all acts amendatory thereof; to confer additional pow-

ers upon the mayor and council of Butler; to have the same incorporated as a city, and for other purposes." Ga. L., 1919, p. 849. The prior act incorporating the City of Butler, was adopted August 16, 1915, and the title to that act and the provisions therein with respect to the tenure of its city officers and their removal are substantially the same as those of the act adopted August 18, 1919. The act incorporating the Town of Butler was adopted in 1872, and the provisions as to the town officers are as follows: "That the mayor and aldermen shall, as soon as convenient after being qualified, proceed to elect by ballot, a marshal, and if they deem it necessary, a deputy marshal, clerk of council and treasurer, and any other officer they may deem necessary for the government of said town, each of whom, unless removed, shall remain in office one year, or until their successors are elected and qualified, and shall take and subscribe, before entering upon the duties of their office, such oath as the mayor and aldermen may prescribe; that said mayor and aldermen shall have full power to remove from office, or to punish by fine, not exceeding one hundred dollars or both, any officer elected by them, for any neglect, malpractice in or abuse of office." Since the act of 1919 specifically provides that it is to amend, revise and consolidate the acts incorporating the Town of Butler as well as to confer additional powers upon the mayor and council, it is proper to consider the previous charters, as well as the other provisions of the charter in question, dealing with the same or similar subject-matter as that now under consideration, in determining the legislative intent with respect to the present charter. Under the act of 1872, it clearly appears that it was the intention of the legislature that the mayor and aldermen should have full power to remove the officers of the town for the reasons specified,—neglect, malpractice in or abuse of office; and it is not clear that the legislature intended by the acts of 1915 and 1919 to materially change these provisions. In these circumstances and the facts as presented by the record, we think that it was the intention of the legislature that the mayor and council should have the right to remove a city officer only for the offenses or some one of them as stated in the charter. The contention that this construction will render the provisions of this section unconstitutional, because the procedure to be followed in removing the officer for neglect, malpractice in or abuse of office is not set out in

the charter, can not be sustained. It was said in *Mayor &c. of Savannah* v. *Grayson*, 104 *Ga.* 105, 114 (30 S. E. 693): "Indeed, we have found, in our investigation of this case, an unbroken line of authority to the effect that a municipal corporation may not, without just cause and after a hearing, remove from his office any corporate official who has been elected or appointed for a fixed term; although where an official holds only during the pleasure of the appointing power, he may be removed without a hearing. In this connection, see *Coleman* v. *Glenn*, 103 *Ga.* 458 [30 S. E. 297, 68 Am. St. R. 108], and the authorities there cited. Many like authorities, relied on by counsel for the defendant in error, simply go to the extent of holding that an officer whose term is fixed by law can not be removed except for cause; but, so far as we have been able to discover, none of them, save one (Speed *v.* Common Council, 98 Mich. 360), negative the power of a municipal corporation to try and remove for cause an officer of the corporation, after notice to him and an opportunity to be heard, even though there be no express legislative authority to warrant such a proceeding." In this connection, see *Mayor &c. of Savannah* v. *Monroe*, 22 *Ga. App.* 285 (2) (96 S. E. 500); *Burney* v. *Boston*, 24 *Ga. App.* 7 (100 S. E. 28).

While our courts are committed to the proposition that where the act or charter does not provide for removal for definite and specific causes, the removal may be without a notice and a hearing, yet where a public officer has a fixed term of office and is removable only for definite and specified causes, he can not be removed without notice and a hearing on the charge or charges preferred against him, and an opportunity to defend. *Walton* v. *Davis*, 188 *Ga.* 56, 59 (2 S. E. 2d, 603), and cit.

The defendant contends that the court erred in excluding from the evidence the minutes of the mayor and council of January 17, 1939, which provided that "the salary of G. J. Hortman as day marshal was fixed at $40 per month. The salary of J. D. Cook as night marshal was also allowed $10 per month salary as chief of the department." While it may be true that these minutes would have indicated that J. D. Cook as chief of the department was the city marshal and that the plaintiff, who was subordinate to the chief, was deputy marshal, the exclusion was not harmful error, for the reason that, whether marshal or deputy marshal, the plain-

tiff was an officer and entitled to receive his salary until removed in some legal manner. *Talmadge* v. *Cordell,* 167 *Ga.* 594 (146 S. E. 467). See also *Evans* v. *West,* 182 *Ga.* 516 (185 S. E. 817).

Under the facts of the present case and the law applicable thereto, the plaintiff, whether marshal or deputy marshal, was a public officer with a fixed term and subject to removal for causes specified in the charter. The action of the defendant purporting to remove him without a hearing was illegal, and the judge did not err in so holding, and in rendering judgment in favor of the plaintiff for the amount sued for.

*Judgment affirmed. MacIntyre and Parker, JJ., concur.*

### ON MOTION FOR REHEARING.

The plaintiff in error, in its motion for a rehearing, now contends that the evidence demanded a finding that the plaintiff was employed as a policeman under the provisions of section 44 of the city charter, which provides in part: "Be it further enacted that said Mayor and Council of the City of Butler shall have power and authority . . to enforce law, peace and order in said city, and for this purpose to appoint, when necessary, a police force sufficient to assist the city marshal; to fix their terms of service and compensation, to require bonds from them when deemed necessary conditioned for the faithful performance of their duties."

There was sufficient evidence to support the finding of the trial judge that the plaintiff was elected to the office of marshal, or deputy marshal, under the provisions of section 14 of the city charter: While the ordinance or resolution of February 2, 1943, "retaining" the plaintiff in his position with the defendant city referred to him as a "policeman," the other ordinance or resolution passed on the same day, which purported to terminate his employment with the city, referred to the plaintiff as the "day marshal" and as the "city marshal," and the ordinance passed by the city, purporting to abolish the office held by the plaintiff, provided in part: "And to make the matter entirely clear, it is ordained . . that the office of marshal occupied by G. J. Hortman prior to June 1, 1943, is specifically abolished." On the trial, the mayor and one of the aldermen of the city testified; and nowhere in their testimony is there any contention that the plaintiff was employed as a policeman; but their testimony relates entirely to the office of marshal of the defendant city. The plaintiff sued to recover his

salary as city marshal, and in its answer the city did not deny that he had been an officer of the city, but contended it had the right to "discharge at any time it sees fit, any officer, in any office created by it, and in the exercise of its legal rights, for entirely sufficient cause which it is not necessary here to allege, did on the 4th day of May, 1943, dismiss G. J. Hortman from his said office to become effective June 1, 1943."

This case was appealed to the superior court and there tried before the judge without the intervention of a jury; and it is well-established law that where a jury is waived and the case is submitted to the trial judge, his findings as to the facts are conclusive upon this court, where supported by evidence. There was evidence to support the judgment in favor of the plaintiff, and that judgment upon the facts will not be interfered with by this court.

There was nothing in the pleadings or the evidence to indicate any contention on the part of the defendant that the plaintiff was employed as a policeman under the provisions of section 44 of the city charter. In the original briefs of the plaintiff in error filed in this court it was stated: "Defendant in error filed suit for $50 against plaintiff in error in justice court claiming a month's salary as city marshal. Plea was filed alleging that said marshal was removed May 4, 1943, under authority of the acts of 1919, p. 853," which refers to section 14 of said charter. The assignments of error in the bill of exceptions are set out and discussed in this brief, and they refer to and deal with section 14, and not with section 44, of the city charter.

The issues of the case as raised by the pleadings and the evidence have been carefully considered, and we are of the opinion that the decision rendered is correct. Therefore the motion for rehearing is denied.