THEODORE WEIDMAN, Respondent, *v.* THE BOARD OF EDU-
CATION OF THE VILLAGE OF LYONS, Appellant.

*Supreme Court, Fifth Department, General Term, October* 19, 1889.

*Officers.* *Removal.*—Where the power to remove at pleasure is conferred
in general terms upon an officer, or a board of managers, such power
may be exercised without assigning a cause, and without notice to the
incumbent.

Appeal from a judgment of the Wayne county court,
entered upon a verdict in the plaintiff's favor for the sum of
$191, and from an order of the same court denying the defend-
ant's motion for a new trial, founded upon the judge's minutes.
The plaintiff was appointed janitor by the defendant, took
charge of the schoolrooms in the school district for the period
of one year, and after serving one-half of the time he was
discharged and the action was brought to recover his salary
for the balance of the year.

*Thos. Collins, Jr.,* for appellant.

*J. W. Dunwell,* for respondent.

BARKER, P. J.—By chapter 129, Laws of 1856, the defend-
ant was created a corporation by the name of the Board of
Education of the Village of Lyons. The management of the
affairs of the corporation are entrusted to a board of trustees,
consisting of three members, who have charge and control of
the property of the corporation and the superintendence and
supervision of the public schools within the territorial limits
mentioned in this act. One of their specified powers is, " to
contract with and employ all teachers in the said school under
their charge, and, also, a janitor and librarian, and at their
pleasure to remove them."

By a resolution of the board adopted July 25, 1887, the

plaintiff was chosen and appointed janitor, " to hold that position during the pleasure of the board, at an annual salary of four hundred dollars, payable in monthly installments," and one of their number was named to enter into a written agreement with the appointee, and the same was prepared, in which the terms of the resolution were stated, and his labors and duties mentioned, which was signed by the plaintiff, and the execution thereof reported to the board and the same was by it adopted and the plaintiff entered upon the discharge of his duties. The resolution and memorandum signed by the plaintiff constitute the agreement under which he entered into the employment of the defendant as janitor of the school building. Some six months thereafter complaint was made to the board that the plaintiff did not discharge his duties in a satisfactory manner, nor care for the schoolroom as specifically provided for in the agreement. Without notice to the plaintiff and without any opportunity of being heard in his defense, the board dismissed him and appointed another in his place.

The defendant contends that it appeared on the trial, from the undisputed evidence, that the plaintiff failed to perform all the services at the time and in the manner which he promised to do by the terms of his agreement, and for that reason the board was justified in removing him from his position. We do not need to examine nor determine that question, as we are of the opinion that the board of trustees had the right, under the statute, as well as by the express terms of the contract, at any time during the year, to dismiss the plaintiff and terminate the agreement without assigning any cause for their action. This corporation was created as an instrument to be used in managing and carrying into effect, in the village of Lyons, the system of public schools established by the state. The plaintiff, while acting as janitor, was engaged in the public service, though not in a strict sense an officer of the government. The act of incorporation creates the office of collector and treasurer, who are to be annually appointed by the board,

16

and who may be removed for misconduct or neglect of official duty upon written charges and opportunity being given the accused to be heard in his defense. It is thus made clear that it was the intention of the legislature to make a distinction as to the power of the board to make removals and the manner of exercising the same between persons who are employed as teachers, or janitors, and those who hold office of collector and treasurer. The former may be removed at the pleasure of the board ; the latter only for cause, of which the accused shall have notice and an opportunity to make a· defense. The rule is well settled that where the power to remove at pleasure is conferred in general terms upon an official, or a board of managers, such power may be exercised without assigning a cause, and without any notice to the incumbent. *Ex parte* Hennen, 13 Peters, U. S. 225 ; Sims *v.* Fire Commissioners, 73 N. Y. 437 ; Dillon on Municipal Corporations, § 188; Long *v.* Mayor, etc., 81 N. Y. 425·; People *v.* Board of Education, 3 Hun, 177 ; Gildersleeve *v.* Board of Education, 17 Abb. 207.

If, as is contended by the plaintiff, the service to be performed by him was under a special contract with the board stipulating his duties and labors and the compensation to be paid therefor, and that in no sense ·whatever was he holding a public place or office, then the same result must follow, for by the terms of the agreement the defendant reserved the right to terminate the agreement at the will of the board of managers.

The manner of employing and removing a janitor is regulated, to some extent, by the statute, and it is clear that it was the intention of the legislature to confer upon the board the power to remove the janitor at their pleasure, and they could not by agreement deprive themselves of that power. It was the duty of the board, when satisfied that the public interests demanded it, to remove that officer and appoint another person in his place. In Gildersleeve *v.* The Board of Education, *supra*, the general term of the court of common pleas

held that the power to employ teachers necessarily implied the right of the appointing power to remove them. The case of The People *v.* The Board of Education, 3 Hun, 177, is a decision to the same effect. In the act under consideration the place of janitor is classed with that of teachers so far as the power of appointment and right of removal exists. The act does not contemplate that proceedings to remove a teacher or a janitor should be formal, partaking of the features of a judicial investigation. The power to remove at pleasure conferred upon the board of management became a term of the contract, and the refusal to continue the arrangement for the entire year gave the plaintiff no cause of action.

The judgment and the order are reversed and a new trial ordered, with costs to abide the event.

Dwight and Macomber, JJ., concur.