THE STATE, EX REL. JOHN HORAN, v. JOHN LANE.

1. A common council, being constituted as it will be when a term of office about to expire shall end, and having authority to appoint the successor of the incumbent, may lawfully make such appointment before the expiration of the current term.
2. When a statute empowers the council of a city to appoint to a certain office, an ordinance of the council which, if enforced against succeeding councils, would defeat or materially impair their power of appointment, is void.

On demurrer to an information.

Argued at November Term, 1890, before BEASLEY, CHIEF JUSTICE, and Justices DIXON and MAGIE.

For the relator, *James E. Hays.*

For the defendant, *R. S. Jenkins.*

The opinion of the court was delivered by

DIXON, J.   The act to enable cities to supply the inhabitants thereof with pure and wholesome water, approved April 21st, 1876 (*Rev. Sup.*, p. 665), authorizes the board of aldermen, council or other legislative body of any city supplying its inhabitants with water, to elect and appoint any and all engineers, &c., that they may deem necessary or convenient for accomplishing the purposes contemplated by the act.

· The city of Gloucester having under this statute obtained a supply of water, the common council, on January 10th, 1884, passed an ordinance for the regulation and control of the water works, the fourth section of which ordained that, at the first regular meeting of the council after the ordinance should go into effect, and every three years thereafter, the council should elect a fit person to be engineer, who should hold his office for the term of three years and until his successor should be duly elected and qualified.

On February 3d, 1887, the council elected James Finley as engineer, and he at once entered on the duties of his office. His term expired February 3d, 1890.

On November 21st, 1889, the council elected John Horan as engineer for a term of three years, to commence at the expiration of Finley's term. At that time the council was composed of members whose terms of office would continue until April, 1890, and they alone would constitute the council at the end of Finley's term.

On demurrer to an information in the nature of *quo warranto* filed on behalf of Horan, the only question raised is, whether the council could lawfully elect an engineer before the time designated in the ordinance, presumably February 3d, 1890.

The power of the council to elect an engineer is conferred by the statute, not by the ordinance, and under the statute alone there is no doubt that the council might in November anticipate the vacancy to occur in the following February, and make a prospective appointment, the council being constituted in November as it would be when the vacancy would take place. *Haight* v. *Love*, 10 *Vroom* 14, 476 ; *Whitney* v. *Van Buskirk*, 11 *Id.* 463.

The evident design of this statutory grant of power is, that the office of engineer may be kept filled, so long as the council deem such an officer necessary for the management of the water works. If it be conceded that one council may, by ordinance or otherwise, regulate the exercise of this power by succeeding councils, it nevertheless must also be conceded that any such attempted regulation, the enforcement of which would defeat or materially interfere with the purpose of the grant, would be void. 1 *Dill. Mun. Corp.*, § 317 (251).

The clause of the ordinance of January 10th, 1884, limiting the power of the council to elect an engineer to periods happening every three years after the passage of the ordinance, would certainly, if effective, prevent the council from keeping the office filled. Under the ordinance the engineer is always to be elected for a term of three years, whether he be chosen to take the place of one whose full term has expired, or of one

whose term has been broken off by death, resignation or removal. The fracture of a single term by such an event would throw the series of elections prescribed by the ordinance entirely out of harmony with the vacancies to be supplied.

Hence we conclude, that this provision of the ordinance would constitute an unreasonable restraint upon the statutory power of the council, and is therefore void. Consequently, the election of the relator was lawful, and he is entitled to judgment on the demurrer.