[No. 18089.    Department Two.—November 8, 1893.]

E. R. HIGGINS, APPELLANT, v. S. H. COLE ET AL., RESPONDENTS.

MUNICIPAL CORPORATIONS—POWER TO REMOVE CHIEF OF FIRE DEPARTMENT.—Where a chief of the fire department of a city has no right or authority except such as he has acquired under the ordinances of the city, he may be removed or superseded by the action of its legislative body.

ID.—CONSTRUCTION OF ORDINANCE—DURATION OF TERM OF OFFICE—POWER TO REMOVE OFFICERS—CONSTITUTIONAL LAW.—Where a lawful ordinance of a city provided that the chief of the fire department should be appointed to hold office for one year, or until his successor should be appointed and qualified, it must be construed as declaring only that the term of office shall continue until his successor is elected and qualified, and not necessarily for a full year; and under a statute providing that the city trustees may appoint and remove such subordinate officers as they may deem proper, their right of removal cannot be limited by such ordinance, and the term of office of the chief of the fire department not being fixed by the constitution nor declared by law must be held to continue only during the pleasure of the appointing power, by virtue of section 16 of article XX of the state constitution.

APPEAL from an order of the Superior Court of Fresno County, dissolving an injunction.

The facts are stated in the opinion.

*Frank H. Short, George A. Nourse, C. C. Merrian,* and *Austin & Drew,* for Appellant.

*Reel B. Terry,* for Respondents.

BELCHER, C.—The city of Fresno is a municipal corporation, organized in 1885, under the provisions of an act of the legislature approved March 13, 1883, entitled "An act to provide for the organization, incorporation, and government of municipal corporations." It is of the fifth class named in the act, and has a board of trustees vested with power, among other things, "to provide fire-engines and all other necessary or proper apparatus for the prevention and extinguishment of fires; to appoint and remove such policemen and other subordinate officers as they may deem proper, and to fix their

duties and compensation; to establish fire limits, with proper regulations"; and "to do and perform any and all other acts and things necessary to carry out the provisions of this chapter," etc.   (Sec. 764, subds. 6, 15, 18, 19.)

The city now owns, and ever since its incorporation has owned, three fire-engines and other apparatus for the prevention and extinguishment of fires, and it also has, and has had, a volunteer fire department.

In 1891 there was a city ordinance, No. 224, providing:

" SECTION 1.   The fire department of this city shall consist of volunteer companies of firemen, organized into engine, hose, and hook and ladder companies, who shall elect their officers."

" SEC. 2.   The chief of the fire department and his assistants shall be elected annually by members of the department, with the approval of the board of trustees, and shall give such bond as the board of trustees may require."

On the 18th of January, 1892, an ordinance, No. 248, was passed amending the foregoing ordinance and reading as follows:

"SECTION 1.   The fire department of the city shall consist of volunteer companies of firemen, organized into engine, hose, and hook and ladder companies, who shall elect their own officers, to wit: the foreman, who is the presiding officer, a secretary, and a treasurer."

" SEC. 2.   The chief of the fire department and his associates shall be appointed annually by the board of trustees, to hold office each for one year, or until his or their successors are appointed and qualified.   And the chief of the fire department shall give a bond," etc.

" SEC. 3.   This ordinance shall take effect and be in force immediately from and after its passage and approval."

In December, 1891, the plaintiff, E. R. Higgins, was elected chief of the fire department by the members thereof, and on the 21st of that month notice of such

election was given to the board of trustees. It being
suggested that the trustees must make the appointment
themselves in order to make it legal,. the matter was
continued from time to time until February 1, 1892,
when the plaintiff was appointed chief by the trustees.

Thereafter, on March 7, 1892, the board of trustees
passed a resolution declaring the position of chief of the
fire department vacant, and then appointed the defend-
ant, Timothy Walton, to fill the vacancy. The trustees
also, by resolution, directed the city marshal to put the
said Walton in possession of all the fire apparatus owned
by the city. The plaintiff, when notified of this action
of the trustees, denied their right to remove him from
his position as chief, or to take from his possession and
control the fire apparatus of the city; and thereupon, on
March 8th, he commenced this action against the trus-
tees, the city marshal, and the said Walton, alleging,
among other things, that he was then the chief of the
volunteer fire department of the city, and as such was
in possession and entitled to the possession of all the
fire apparatus of the city; that all the acts of the trus-
tees in declaring his position vacant and electing Walton
to fill his place, and in directing the city marshal to
take from his possession the fire apparatus and to de-
liver possession of the same to Walton, were done with-
out right or authority of law; that the marshal and
Walton had demanded that plaintiff deliver to them the
possession of the said apparatus, and had threatened to
take immediate and unlawful possession of the same,
and unless restrained would proceed forcibly, unlawfully,
and wrongfully to execute their threats. Wherefore he
prayed that the court make an order enjoining the de-
fendants, and each of them, from taking forcible or
other possession of said fire apparatus, or interfering
with the same, or molesting the plaintiff's possession
thereof.

Upon this complaint the court granted a temporary
injunction, but subsequently, on motion of defendants,
dissolved it; and from that order the plaintiff appeals.

In support of the appeal it is contended:

1. That the members of the fire department were authorized and empowered to elect a chief of the department, without the approval of the board of trustees, and that the appellant, having been so elected, was cl' 'hed with authority to hold possession of, manage, and control, the fire apparatus of the city; and that the trustees had no right to interfere with or disturb his possession, management, and control thereof.

2. That if the trustees had the right to appoint a chief, their action in removing appellant, after he had been appointed by them and before the expiration of his term of office of one year, was without authority of law, and was null and void.

That part of the Act of 1883, relating to municipal corporations of the fifth class, and under which Fresno was organized as a corporation, contains no special provisions in regard to a volunteer or paid fire department, and we are cited to no general statute providing that any fire department shall have authority to elect its own chief.    Section 3335 of the Political Code provides how fire companies may be formed and organized in incorporated and unincorporated cities, towns, or villages. Section 3336 provides that "every such fire company must choose or elect a foreman, who is the presiding officer, and a secretary and treasurer," etc.    And sections 3342 and 3343 prescribe the duties of the chief of the fire department.    In none of these provisions, however, is anything found which can be construed as giving the chief a right to the possession or control of the fire apparatus, or prescribing the manner of his election or appointment.

This being so, appellant had no rights or authority, as chief of the fire department, except such as he acquired under the ordinances of the city.    His first contention cannot therefore be sustained.

The solution of the second question presented must depend upon the validity and effect of Ordinance No. 248.    Appellant contends that that ordinance was *ultra*

*vires,* and void, but no constitutional provision or stat-
ute is cited, and we know of none, with which it is in
conflict. By the statute under which the city was or-
ganized the board of trustees was given power "to pass
ordinances not in conflict with the constitution and
laws of this state or of the United States" (sec. 764,
subd. 1); and the ordinance in question must therefore
be held valid.

The ordinance, in effect, provided that the chief should
be appointed to hold office for one year, *or* until his
successor should be appointed and qualified. This, as
we understand it, must be construed as declaring only
that the term of office shall continue until a successor
is elected and qualified, and not necessarily for a full
year. And under the statute providing that the trus-
tees may "appoint and remove such policemen and
other subordinate officers as they may deem proper," it
would seem that they had no power to limit their right
of removal.

The constitution declares: "When the term of any
officer or commissioner is not provided for in this con-
stitution, the term of such officer or commissioner may
be declared by law; and, if not so declared, such officer
or commissioner shall hold his position as such officer
or commissioner during the pleasure of the authority
making such appointment." (Sec. 16, art. XX.)

As the term of office of the chief of the fire depart-
ment was not fixed by the constitution nor declared by
law, it must be held that appellant's term continued
only during the pleasure of the appointing power, and
that he was rightly removed.

In making the order appealed from the court below
held that injunction was not in any event the proper rem-
edy to determine the plaintiff's rights; but in view of the
fact that counsel earnestly ask for a decision on the
merits, that question may be passed without further
notice.

We advise that the order be affirmed.

SEARLS, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

MCFARLAND, J., DE HAVEN, J., FITZGERALD, J.