State, *ex rel.*, *v.* Williford.

STATE, *ex rel.*, *v.* WILLIFORD.

(*Jackson.*    June   6,   1900.)

1. ROAD COMMISSIONERS.    *Secretary's term of office.*

The statutes authorizing Road Commissioners to elect a secretary being silent as to his term of office, the Commissioners have the power and discretion to declare and fix the term.

Acts construed: Acts 1883, Ch. 167; Acts 1893, Ch. 177.

2. SAME.    *Filling vacancy in office of secretary.*

And where Road Commissioners elect a secretary for a term of two years and he resigns, the person elected to fill the vacancy will hold for the unexpired portion of the term of two years only.

3. OFFICE.    *Contract to divide term of, illegal.*

A contract whereby two persons agree to divide between themselves the term of a public office is contrary to public policy and void.

---

FROM  SHELBY.

---

Appeal from Chancery Court of Shelby County. F.  H.  HEISKELL,  Ch.

McFARLAND & NEBLETT for Relator.

PETERS & NEELY and J. H. MALONE for Williford.

WILKES, J.  By an Act of the General Assembly of Tennessee passed March 23, 1883, pro-

vision was made for the construction and repair of turnpikes, macadamized and gravel roads.

The first section of the Act provides for the election of Commissioners. The sixth section provides that the Chairman of the County Court, within ten days after the election of the Commissioners, shall call them together for organization, at which time one other than the Chairman shall be elected Secretary of the Board and Supervisor of work. The Commissioners were to have a salary out of the road tax, to be fixed by the County Court before their election. It was further provided that the salary of the Secretary and Supervisor should not exceed $1,000 per annum, and of the other Commissioners $250 per annum.

In 1893 this Act was amended so as to make the term of office of the Commissioners four years instead of two, but nothing was said as to the term of office of the Secretary and Supervisor. At the January term, 1894, the County Court of Shelby County elected Commissioners, and on July 4, 1894, Geo. B. Coleman was by them elected Secretary and Supervisor for four years.

At the January term, 1898, Prescott and Williford were elected Commissioners to serve with the Chairman of the County Court as *ex officio* Commissioner. And on January 4, 1898, Williford was elected Secretary and Supervisor for two years. It is said it was agreed between him and

Prescott that he, Williford, would hold two years and Prescott would then hold for two years. If such agreement was made, this Court would not, in the interest of sound public policy, cause it to be enforced.

On May 5, 1898, Williford tendered his resignation, which was accepted, and Prescott was elected, as the minutes state, to fill the vacancy. Prescott states that he understood his term was to be for the remainder of the four years, and Kimbrough, the Chairman of the County Court, agrees with him in this view, but the minutes do not so state, and this statement can be considered as no more than the expression of an opinion, and one we think not well founded.

At the January term, 1900, Young was elected Chairman of the County Court, and thus became *ex officio* Chairman of the Commissioners. He called them together January 4, 1900, and proceeded to reorganize the board, and it elected Williford Secretary and Supervisor over the protest of Prescott, who claimed the right to hold until 1902, the expiration of four years from Williford's election in 1898.

He thereupon filed this bill to enjoin Williford from acting, and framed his bill as a *quo warranto* to test Williford's right to the office.

The Chancellor refused the injunction, and on hearing of the cause declined any relief, and dismissed the petition, and the relator has appealed.

We think there is no error in the action of the Chancellor. Prescott was elected to fill the vacancy occasioned by the resignation of Williford. Williford's term would have expired January 4, 1900. Prescott's necessarily expired at the same time. The Act fixes no term or tenure of office for the Secretary and Supervisor. The Commissioners may fix that term. They did fix it at two years when Williford was elected. That two years expired January 4, 1900, and Prescott holding in room and stead of Williford could hold no longer. It is not necessary, in our view of the case, to decide whether, after his term was fixed at two years, he could be turned out before that time. Such a state of facts is not shown.

We see no error in the decree of the Chancellor, and it is affirmed with costs.