## WRIGHT *v.* GAMBLE.

Where the tenure of an office is not prescribed by law, the power to remove is an incident to the power to appoint. In such case the appointee holds at the pleasure of the appointing power, although it attempts to fix a definite term; and no formalities such as the preferring of charges or the granting of a hearing to the incumbent are necessary to the lawful exercise of the authority of removal. The provision of the Civil Code (1910), § 264, par. 3, is not applicable to such a case.
     JUNE 13, 1911.

Quo warranto. Before Judge Brand. Clarke superior court. July 27, 1910.

An act of the General Assembly, approved December 15, 1897 (Acts 1897, p. 387), created a board of commissioners of roads and revenue for the County of Clarke. Under the provisions of the act the grand jury at the next regular term of the superior court of Clarke County, after the passage of the act, were to elect three citizens and resident freeholders who should constitute a board, one of whom should be elected for one year, one for two years, and one for three years. Each succeeding grand jury at the spring term of such court should elect one commissioner who should hold office for three years, unless removed as provided by the act. The act declared "that the board of commissioners shall elect their own clerk, with such pay as the board may allow," his duties being prescribed

by the act. The clerk, before entering upon the discharge of his duties, was required by the act to take the same oath prescribed for the commissioners, and to enter into a bond with good security to faithfully perform the duties of the office of clerk. The act fixed no term of office for the clerk. In November, 1909, the board. passed a resolution fixing the term of the clerk of the board at two years beginning with the first Tuesday in January, 1910, and providing that a clerk should be elected under this resolution at that time for the ensuing two years, and subsequently on the same date every two years, unless a vacancy should occur. In accordance with this resolution John B. Gamble, who had been clerk for some years, was, on the first Tuesday in January, 1910, elected clerk of the board, and thereafter assumed the discharge of the duties of the position, taking possession of the office and all books, papers, etc., connected therewith. At a regular meeting held on the first Tuesday in May, 1910, being the 3rd day of the month, the board passed the following resolution: "Resolved by the Board of Commissioners of Roads and Revenue for Clarke County, in regular monthly session assembled: 1. That the position of clerk of said board is hereby declared vacant. 2. That the action of said board taken at the January meeting of 1910, in electing John B. Gamble clerk of said board, be and the same is hereby revoked from this day. 3. That the board proceed to elect a clerk, who shall begin the discharge of his duties at once."

Subsequently, on May 9, 1910, the commissioners in regularly called session elected Tate Wright as clerk. Gamble refused to recognize the authority of the board to pass the resolution vacating the office of clerk and revoking the action of the board in electing him to that office. The books and papers of the office of clerk having been turned over to the commissioners by Gamble, in obedience to an order of the judge of the superior court, passed in a proceeding brought by the commissioners against Gamble, were by the commissioners delivered to Wright after his election. Thereafter, Gamble presented to the judge of the superior court an application for leave to file an information in the nature of a writ of quo warranto to try the question of title to the office of clerk of the board of commissioners. Such leave was granted, and the information duly filed. Respondent Wright filed both a demurrer and an answer to the information. The applicant, Gamble, filed a

demurrer to portions of the answer of the respondent. After a hearing the judge passed an order overruling the demurrer to the information, and sustained the demurrer to certain portions of the answer, holding that the pleadings, after these rulings, raised no issue of fact. Judgment was entered, declaring that Gamble was the lawful clerk of the board of commissioners, and was entitled to the possession of the office and the books and papers thereof, and that Wright was not the lawful clerk of the board and was not entitled to the possession of the office or the books and papers thereof. It was further adjudged that the respondent, Wright, deliver possession of the office and all books, papers, etc., connected therewith to the applicant, Gamble, and that the respondent pay the costs of the proceedings. To these rulings the respondent excepted.

*John J. Strickland,* for plaintiff in error.

*Cobb & Erwin* and *W. M. Smith,* contra.

FISH, C. J. (After stating the foregoing facts.) The controlling question presented by the record is, whether the board of commissioners of roads and revenue of Clarke county, created by an act of General Assembly, approved December 15, 1897 (Acts 1897, p. 389), the act providing that the commissioners "shall elect their own clerk with such pay as the board may allow," had the power, in the absence of any law fixing the term of office of the clerk, to prescribe, by resolution duly passed, the tenure of the office of the clerk at two years, and, having subsequently elected a clerk for that time, could remove the incumbent before the expiration of that term, without preferring charges against him and giving him an opportunity to be heard, and to elect another person clerk in his stead. We deem it unnecessary to pass upon any other question presented by the record. It seems now to be the universally accepted rule, that, where the tenure of the office is not prescribed by law, the power to remove is an incident to the power to appoint. 29 Cyc. 371; 23 A. & E. Enc. Law, 405; Mechem, Pub. Off. § 445; Throop, Pub. Off. § 304 et seq. In such a case no formalities such as the preferring of charges against, or the granting of a hearing to the incumbent, are necessary to the lawful exercise of the discretionary power of removal. 29 Cyc. 1408, and numerous cases there cited. See *Coleman* v. *Glenn,* 103 *Ga.* 458 (30 S. E. 297, 68 Am. St. R. 108), and *Gray* v. *McLendon,* 134 *Ga.* 224 (67 S. E. 859). Counsel for the defendant in error in the case now before

us concede in their brief that if the board of commissioners of roads and revenue of Clarke county had not fixed the tenure of office of their clerk, then the power to remove the defendant in·error as clerk would have existed as an incident to the power of appointment in the board; but they contend that as the board had, as authorized by law, divested itself of such arbitrary power of removal, it could not revest itself with this power during the time for which the defendant in error was elected clerk under the resolution fixing the term of such office.  The pivotal point of the case is whether the board had the power to fix the tenure of its clerk.  If it had such authority, then Gamble, the defendant in error, who had been elected by the board for the term of two years, was not removable by it before the expiration of this term, without charges, notice, and a hearing.  On the other hand, if the board was without power to prescribe a fixed term for its clerk, then Gamble, notwithstanding he had been elected for a purported fixed term, held the office at the pleasure of the board, and was removable at its discretion, without the preferring of charges, notice, or the benefit of a hearing. The question under consideration has been passed on by several courts of last resort.  In State ex rel. Moore v. Archibald, 5 N. D. 359 (66 N. W. 234), it was held: "The grant of power to appoint to public office, where no term of office is fixed by law, carries with· it as an incident the absolute power of removal at any time, without notice or charges or a hearing, and without the cause for removal being inquired into by any court.  Such power vested in a board can not be limited by any action taken by such board, whether by appointing the officer for a fixed term, or by by-laws restricting the power of removal to cases where cause for removal exists."  In that case Moore applied for a mandamus to compel Archibald to turn over to the applicant the possession of the office of superintendent of the State Hospital for the Insane, to which office Archibald, the defendant, had been appointed by the trustees of that institution for the term of one year, and from which he had been arbitrarily removed before the expiration of his term by the board of trustees, at a meeting called for that purpose, and at which Moore was appointed in Archibald's place (facts similar to those in the instant case).  Prior to the appointment of Archibald the board had passed by-laws making the superintendent and other named subofficials "subject to removal for good and sufficient cause, at

the pleasure of the board of trustees," and that "charges against officers of the institution must be submitted in writing and that a copy thereof should be furnished the officer against whom the charge is made at least one month before it is acted upon." Corliss, J., in pronouncing the opinion for the court, cogently said: "The by-laws which they [the trustees] are authorized to pass must not be repugnant to the laws of the State. The statute by necessary implication confers upon the board unlimited power of removal. This manifests the legislative policy with respect to this particular office. That statute can not be annulled, neither can such policy be overthrown, by a by-law passed by a mere creature of the legislature. The people, under such legislation, have a right to demand that, whenever the board shall deem it for the public interests to remove the superintendent, its power of removal shall be the absolute power vested in it by the legislature, and shall not be fettered by any restriction whatever. This power is delegated to the board for the public good, and the people can not be prejudiced by limitations of that power to which they have not consented, and which they have not authorized the board to impose. If the board may lawfully fix the term at one year, it may likewise give the incumbent a life tenure. If it can, with legal effect, declare that the superintendent can be removed for good and sufficient cause, it may narrow the ground of removal to a particular case, and thus place this portion of the discretion vested in the board for the public welfare beyond the possibility of exercise by succeeding boards for years to come. Thenceforth the board of trustees would, for a season, be shorn of the specified power of appointment, of the incidental power of removal, and to this extent of the power of general control and management granted to it by the statute. Even if the by-laws in question were explicit in their limitation of the power of the board, we would be compelled, for the reasons set forth, to treat them as without effect." In support of this view the following authorities were cited: State *v.* Lane, 53 N. J. L. 275 (21 Atl. 302); City of Newark *v.* Stout, 52 N. J. L. 35 (18 Atl. 943); Williams *v.* City of Gloucester, 148 Mass. 256 (19 N. E. 348); Higgins *v.* Cole, 100 Cal. 260 (34 Pac. 678); Carter *v.* City of Durango, 16 Colo. 534 (27 Pac. 1058, 25 Am. St. R. 294); State ex rel. Kane *v.* Johnson, 123 Mo. 43 (27 S. W. 399); Weidman *v.* Board, 54 Hun, 634 (7 N. Y. Supp. 309). Upon examination, we find that the cases

cited either decide the point in accordance with the view of Judge Corliss, or expressly recognize its soundness. It was held in Parsons v. Breed, 126 Ky. 759 (104 S. W. 766), that "where neither the constitution nor statute fixes the term of office, the appointee holds at the pleasure of the appointing power, although it was attempted by the appointing power to fix a definite term," citing Johnson v. Cavanah, 21 Ky. Law Rep. 1246 (54 S. W. 853). See also Abrams v. Horton, 45 N. Y. Supp. 887. So, in Mathis v. Rose, 64 N. J. L. 45 (44 Atl. 875), it was held, that, as the charter of Atlantic City authorized the city council to elect a street supervisor, the council had power to remove an incumbent and appoint his successor at their pleasure, notwithstanding an ordinance had been passed making the term of such officer one year; the ordinance, being inconsistent with the charter provision, was held to be void; citing Trowbridge v. Newark, 46 N. J. Law, 140. The case of Bradshaw v. City Council, 39 N. J. Law, 416, was distinguished.

Our conclusion is, that the Board of Commissioners of Roads and Revenue of Clarke County being invested, by the Act of the General Assembly creating it, with the power of appointment of a clerk, which carried with it the authority to remove such an officer at its pleasure, as the statute fixed no term for such officer, could not legally by resolution fix a tenure of such office, and thus divest the board of the power of removal at pleasure conferred upon it by statute. It follows, that Civil Code (1910), § 264 (3), providing, that one of the methods for vacating an office is, "By decision of a competent tribunal declaring the office vacant," did not apply to this case so as to require charges, notice, and a hearing before the board could legally remove its clerk.

Counsel for the defendant in error cite, as sustaining a contrary view, the following cases: Robertson v. Coughlin, 196 Mass. 539 (82 N. E. 678), and State ex rel. Prescott v. Williford, 104 Tenn. 694 (58 S. W. 295). In each of these cases it appeared that the board therein referred to elected a clerk or secretary to fill a vacancy created by the expiration of the term of office fixed by the board for its clerk or secretary; and it was held in effect that the board had the power to do this. The question whether the board could have removed the incumbent prior to the expiration of his term fixed by it was not involved. In our opinion the judgment in each of the cases was correct; but we can not agree to the soundness of the

proposition announced in these cases that the board had authority to fix the term of its clerk or secretary, no term being fixed by law and no authority being given to the board to prescribe it. ·Other authorities cited by the defendant in error are not sufficiently. relevant, in our opinion, to require discussion.

It follows from our views as above set forth, that the judgment of the court below must be    *Reversed.  All the Justices concur.*