## A97A1405. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. ALLEN.
### (492 SE2d 339)

SMITH, Judge.

Alexandria Allen, by her next friend, her mother, Carolyn Allen, brought suit against Georgia Farm Bureau Mutual Insurance Company to enforce a settlement agreement. Farm Bureau refused to perform the agreement, claiming it was invalid because it had been induced by a material misrepresentation made by Allen's attorneys. The trial court granted Allen's motion for partial summary judgment on the issue of enforcing the agreement and entered judgment in favor of Allen in the amount of $41,000 plus interest. Other issues, including penalties and attorney fees, were reserved for trial. We conclude that Farm Bureau breached a valid contract, and we therefore affirm the trial court's grant of partial summary judgment to Allen.

The record shows that Alexandria Allen, a minor, was injured when the truck in which she was a passenger, driven by her grandfather, Roy Howard, was hit head-on by a vehicle driven by an uninsured motorist. Howard and his wife owned three vehicles, each of which was covered by an insurance policy issued by Farm Bureau that provided uninsured motorist coverage. Allen sought to "stack" the uninsured motorist coverage in all three policies, contending she was covered as an "insured" under all three. After entering into a settlement agreement with Allen, Farm Bureau sought to avoid its obligations on the ground that Allen's attorneys had falsely represented to them that Allen lived in Howard's household at the time of the accident, thereby making her an "insured" under all three policies pursuant to OCGA § 33-7-11 (b) (1) (B) and the parallel provisions in the policies.

OCGA § 33-7-11 (b) (1) (B) provides that a relative of the insured who is a "resident of the same household" is an "insured" regardless of whether the relative was in the insured vehicle at the time of the incident. The statute provides: " 'Insured' means the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise; any person who uses, with the expressed or implied consent of the named insured, the motor vehicle to which the policy applies; a guest in such motor vehicle to which the policy applies; or the personal representatives of any of the above." Farm Bureau agrees that Alexandria was covered as an "insured" under the policy covering the truck in which she was riding at the time of the accident; she was clearly an "insured" under this policy because she was a guest in the motor vehicle to which the policy applied. Farm Bureau maintains, however, that she did not actually live in How-

ard's household; and because she was not in the vehicles to which those policies applied at the time of the incident, she was not an insured under the other two policies.

Farm Bureau contends that throughout the settlement negotiations, Allen's attorneys represented that Allen lived on a farm in Irwin County that was one of two residences of Howard. In fact, on April 6, 1995, Allen's attorneys sent a letter to Ken Conner, the claims adjuster for Farm Bureau, so stating. Howard had two residences: a home in Kennesaw and a farm in Irwin County. In the letter, although they acknowledged that Howard did not live full time at his Irwin County property until after he retired, Allen's attorneys represented that "Alexandria, her sisters, and her mother Carolyn Allen (the Howards' daughter) had been living in Howard's home in Irwin County for more than a month before the accident," and that Howard provided support for them. The settlement agreement was accepted by Allen's attorneys on May 24, 1995.

In an affidavit submitted in opposition to Allen's motion for summary judgment, Conner stated that a statement in Alexandria's medical records later alerted him to the possibility that the Allens did not, in fact, live in Irwin County at the time of the accident. The record entry in issue, signed by her treating physician, states that the doctor discussed Alexandria's treatment plan with her parents and that her parents decided to transfer Alexandria to a hospital closer to their home in Lawrenceville. Conner then questioned the Howards, who informed him that Alexandria and her mother moved to the Irwin County property after Alexandria's treatment. Only then did Farm Bureau refuse to honor the agreement.

Even if Farm Bureau's allegation regarding Allen's residence is correct, the trial court properly granted Allen's motion for partial summary judgment. The elements of a fraud action must be proved. "In order to show fraud and misrepresentation in the procurement of the contract as a defense to an action on the contract, it is not sufficient to show that false representations were made, which were known to be false and which were made with the intention to deceive. It must also be shown that the defendant exercised due care to discover the fraud." (Citation and punctuation omitted.) *Leventhal v. Seiter*, 208 Ga. App. 158, 163 (5) (430 SE2d 378) (1993). In this case, Farm Bureau failed to exercise due diligence to ascertain the fraud alleged to exist. First, it appears that Allen's attorneys had attached the medical records to the April 6, 1995 letter they sent to Conner. Even if they had not, Alexandria was injured almost two years earlier and the records were available for the entire time. Further, no suggestion is made that the Howards were not truthful when questioned, and, as Farm Bureau's insureds, they were available for questioning from the outset. Yet in the brief and succinct outline of its

case provided in the pretrial order filed on February 19, 1996, nine months after agreeing to the settlement, Farm Bureau acknowledged that Alexandria resided on Howard's Irwin County farm. Because Farm Bureau failed to show justifiable reliance, its defense to this action on the contract must fail. *William Goldberg & Co. v. Cohen*, 219 Ga. App. 628, 637 (6) (a) (466 SE2d 872) (1995).

Moreover, the evidence relied upon by Farm Bureau to support its allegation of misrepresentation is inadmissible. OCGA § 9-11-56 (e) provides that affidavits in support of or in opposition to a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Alexandria's doctor's statement in the medical records about what her parents told him about their residence is rank hearsay. Although the record was attached to Conner's affidavit, the relevant information was not within Conner's personal knowledge. Finally, Farm Bureau also cites to the depositions of various persons, but those depositions are not included in the record and may not be considered. The trial court did not err in granting Allen's motion for partial summary judgment.

*Judgment affirmed. Beasley, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 29, 1997.

*Walters, Davis & Pujadas, J. Harvey Davis*, for appellant.
*Kenneth E. Futch, Jr., Franklin D. McCrea*, for appellee.