## A99A1670. SCHOEN v. CHEROKEE COUNTY et al.
### (530 SE2d 226)

JOHNSON, Chief Judge.

Lloyd Schoen, a resident of Cherokee County, sued Cherokee County, the chairman of the County's Board of Commissioners, and several members of the Board of Commissioners (collectively "the Board"), alleging they violated the Georgia Open Meetings Act (OCGA § 50-14-1 et seq.) by holding a private meeting in which they discussed and acted upon a zoning matter. The Open Meetings Act provides that all meetings (as defined in OCGA § 50-14-1 (a) (2)) must be open to the public and any actions taken during a meeting held in violation of the Act are not binding. The meeting at issue in this case comes within the Act's attorney-client exception. Moreover, the issues which Schoen says were discussed and acted upon in the privileged meeting were later discussed and acted upon in a public meeting. We therefore affirm the trial court's grant of summary judgment to the Board.

The Landon Group, which is not a party to this case, applied to the Board to change the zoning classification of the Landon Group's property from agricultural to planned unit development. After the Board denied the application, the Landon Group filed a lawsuit against the County challenging the decision. On or about October 25, 1996, after a public meeting, the Board met in a private, executive session with the county attorney regarding the Landon Group litigation. According to Schoen, in the meeting the Board discussed and voted to approve a proposed consent order in the Landon Group case, then voted to bring the rezoning issue raised in the Landon Group case back before the Board in a session open to the public.

On November 4, 1996, the trial court in the Landon Group case signed a consent order vacating the Board's denial of the Landon Group's rezoning application and remanded the case to the Board for reconsideration and rezoning. On November 22, 1996, in a meeting attended by the public, the Board voted to rezone the property from an agricultural to a single-family residential classification. Schoen attended that meeting and voiced his opposition to the rezoning application.

Schoen filed his complaint on January 23, 1997, arguing that the actions taken during the private October 1996 meeting were illegal and void. In his prayer for relief, Schoen asked the trial court to find that the Board violated the Open Meetings Act, hold that the consent order discussed at and entered into after the meeting is therefore not binding, order the Board to pay attorney fees and litigation expenses, and grant any other relief the court deemed appropriate.

In a public meeting held in September 1997, before the trial court made a decision in Schoen's case, the Board passed a resolution directing the county attorney to enter into a consent order regarding the Landon Group matter and ratifying any consent order previously entered into in the case. In October 1997, the Board held another public meeting in which it again discussed the Landon Group's rezoning application and reaffirmed its previous action by rezoning the property as single-family residential.

Schoen moved for summary judgment, and the Board moved to dismiss or, alternatively, for summary judgment. The trial court granted the Board's motion for summary judgment and denied Schoen's motion. Schoen appeals from the grant of summary judgment to the Board.

1. The Open Meetings Act specifically provides that a meeting otherwise required to be open to the public may be closed so that the agency may consult and meet with legal counsel pertaining to pending litigation and settlement. OCGA § 50-14-2 (1). It is undisputed that the closed meeting was with the county attorney and was about the Landon Group litigation. Indeed, the minutes of the October 1996 meeting indicate that the Board met in an executive session to discuss pending litigation. And Schoen conceded below at the motion hearing that the meeting was between the Board and the county attorney and involved the Landon Group litigation and the Group's rezoning request. The meeting clearly came within the Act's attorney-client exception.

Schoen argues, however, that the attorney-client exception does not allow *voting* in a closed meeting and that the Board voted to approve the consent order and to bring the rezoning issue back before the public in another meeting. There is no competent evidence that the Board voted in the closed meeting. In fact, in their pleadings the board members denied allegations that they voted in the meeting. Schoen's affidavit stating that a board member told him that the Board voted in the meeting has no probative value. See *Ga. Farm &c. Ins. Co. v. Allen*, 228 Ga. App. 607, 609 (492 SE2d 339) (1997). There is no evidence that the Board violated the Open Meetings Act.

Moreover, a governing body discussing pending litigation with counsel must necessarily be permitted to decide whether to accept or reject a proposed settlement agreement, even if it incidentally

involves the taking of a vote regarding the litigation and involves the question of whether the matter underlying the litigation will be brought up again during a public meeting. Each of these matters comes within the Act's exception.

Inasmuch as the record does not support a finding that the Board without substantial justification violated the Open Meetings Act, Schoen was not entitled to an award of attorney fees and litigation expenses. See OCGA § 50-14-5 (b).

2. Furthermore, we agree with the trial court's holding that subsequent actions taken by the Board to reaffirm actions allegedly taken in the private, privileged meeting render Schoen's lawsuit moot. An issue is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy. See *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361 (3) (a) (489 SE2d 99) (1989). The issue of whether the Board violated the Act by discussing the Landon Group's case was rendered moot when the Board later considered and acted upon it in a public meeting. Even if any action taken in the closed meeting was not binding, the same action was taken in later public meetings and was binding. Therefore, a decision by this court that the action taken in the earlier meeting is not binding because it was done in violation of the Open Meetings Act would have no practical effect. The question is moot.

3. Because a judgment right for any reason must be affirmed, we need not address Schoen's contention that the trial court erred in finding that his lawsuit was not timely filed. See generally *Danzell v. Cannon*, 224 Ga. App. 602, 603 (2) (481 SE2d 588) (1997).

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 23, 2000.

*Stephen F. Lanier*, for appellant.
*Robert M. Mahler*, for appellees.