**March 19, 2014**

# In the Court of Appeals of Georgia

A13A1963. KAUTZ v. POWELL et al.

ELLINGTON, Presiding Judge.

Kelly Kautz, in her official capacity as the Mayor of the City of Snellville, filed a complaint against the members of the city council and the city attorney, seeking, inter alia, a declaratory judgment that she, as mayor, has the sole authority to terminate the employment of the city attorney. The trial court ruled against her, concluding that, under the city's charter, such authority is vested in the city council. Kautz appeals, and we affirm.

1. Kautz contends that the trial court erred, arguing that, because the charter expressly authorizes the mayor to hire the city attorney,[1] the charter also *implicitly*

---

[1] Section 3.12 of the charter provides as follows: "The mayor shall appoint a city attorney, together with such assistant city attorneys as may be authorized, and shall provide for the payment of such attorney or attorneys for services rendered to

gives the mayor the sole authority to terminate the city attorney's employment. We disagree.[2]

It is undisputed that the charter does not expressly give the mayor or any other officer sole authority to terminate the employment of any appointed city officer (which includes the city attorney).[3] Further, Section 2.16 of the charter provides as follows: "Except as otherwise provided by law or this [c]harter, the city council shall be vested with all the powers of government of this city." Therefore, as the trial court properly concluded, "the General Assembly expressly and comprehensively reserved all other powers [not otherwise expressly delegated] to the city council under Section 2.16[.] . . . Thus, there is no gap in the allocation of power in the [c]harter from which an implied power could arise."[4]

---

the city."

[2] When reviewing a trial court's ruling on a question of law, such as the interpretation of a statute, an ordinance, or, as in this case, a city charter that was enacted by the General Assembly, we apply the plain legal error standard of review. See *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

[3] See footnote 5, infra.

[4] Although Kautz also contends that the trial court erred in ruling that Section 5.16 of the charter, which provides for the procedures for removing an officer for cause, applied in this case, any impropriety in that ruling is moot given our conclusion that Section 2.16 of the charter is dispositive of the issue presented on

It follows that, because the charter does not expressly provide that the mayor (or any other officer) has the sole authority to terminate the city attorney's employment, that power is vested solely in the city council under Section 2.16, and it is neither necessary nor allowable for a court to construe the unambiguous provisions of the charter as implicitly giving the mayor such authority.[5] See *Glynn*

appeal. See *Richardson v. Phillips*, 302 Ga. App. 305, 311 (2) (690 SE2d 918) (2010) ("[A] case is considered moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy, or when the specific relief sought by the plaintiff is no longer available.") (citations and punctuation omitted); see also *Schoen v. Cherokee County*, 242 Ga. App. 501, 503 (3) (530 SE2d 226) (2000) ("[A] judgment right for any reason must be affirmed[.]") (citation omitted).

[5] The dissent takes exception to what it describes as the majority's construction of the charter, stating that such construction would authorize the mayor to appoint a city attorney, but would exclude the mayor's "concomitant power to remove a city attorney." The majority, however, has not construed the charter. Instead, it has ruled that the relevant provisions of the charter are *unambiguous*, so that construction is both unnecessary and unauthorized. See *Inagawa v. Fayette County*, 291 Ga. 715, 718 (2) (732 SE2d 421) (2012) (When a statutory provision is clear and susceptible of only one meaning, "judicial construction is both unnecessary and unauthorized.") (citations and punctuation omitted); *Evans v. Employees' Retirement System of Ga.*, 264 Ga. 729, 731 (1) (450 SE2d 195) (1994) ("[T]he use of plain and unequivocal language in a legislative enactment obviates any necessity for judicial construction.") (citation and punctuation omitted); see also *Finney v. Dept. of Corrections*, 263 Ga. 301, 302 (1) (434 SE2d 45) (1993) (Even if there are policy considerations that suggest what a statute *should* authorize and why, "[t]he purpose of the judiciary is not . . . to determine what [the statute in question] *should* provide.") (emphasis supplied).

Moreover, although the dissent relies on the Supreme Court of Georgia's opinion in *Bailey v. Dobbs*, 227 Ga. 838 (183 SE2d 461) (1971), for the proposition

*County v. Waters*, 268 Ga. 500, 502 (2) (491 SE2d 370) (1997) (County officials "can exercise no powers except such as are expressly given or are *necessarily implied* from express grant of other powers, and if there is a reasonable doubt of the existence of a particular power, this doubt is to be resolved in the negative.") (citation and punctuation omitted; emphasis supplied). Consequently, the trial court did not err in ruling against Kautz on her petition for a declaratory judgment on this issue.

2. Kautz also contends that, during a hearing on her request for declaratory judgment and a related motion by one of the defendants, the trial court improperly limited her counsel's efforts to present her case. This contention lacks merit.

---

that, "where the tenure of [an] office is not prescribed by law, the power to remove is an incident to the power to appoint[,]" the city charter in that case *expressly authorized* the city manager with *both* the power to appoint *and to remove* the administrative employees who were challenging their discharges. Id. at 838-839 (1) (Specifically, the city charter expressly provided that "the city manager is authorized 'to appoint, prescribe the duties or supervise and *remove* all administrative employees [with certain exceptions.]'" It also provided that all appointments of such administrators "shall continue at the pleasure of the City Manager who shall have the *right and power to suspend* any one of such appointees if deemed in the best interest of the city to do so.") (emphasis supplied). It follows that, because the charter *expressly* delegated the city manager with the power to discharge the employees, the Court's suggestion that he *also* had the *implicit* authority to do so by virtue of his power to appoint is mere dicta (a conclusion that is supported by the fact that the Supreme Court's ruling in that case did not express or rely upon a consideration of whether, in fact, such implicit power existed). See id. at 839 (1). Consequently, *Bailey* does not require a different result in the instant case.

4

The record shows that the city attorney filed a motion to dismiss the complaint as to him as a defendant. The trial court issued a rule nisi for a hearing to address both the motion to dismiss and Kautz's request for a declaratory judgment on the mayor's authority to terminate the city attorney's employment. At the beginning of the hearing, Kautz's counsel stated that he had just filed an amended complaint in which Kautz asserted additional claims and that he had brought several documents that the court would need to consider in ruling upon the complaint, adding that it "would probably [take] several days to get the entire case tried[.]" The court responded, "We're not here to try the case. We're here on some very limited issues." After a brief discussion, the court stated that the main issue to be addressed during the hearing was the motion to dismiss and, because there was limited time that day for the hearing, "we'll just see how far we can go, okay?" Following those statements, Kautz's counsel did not object to proceeding with the hearing or request a continuance.[6]

---

[6] The hearing transcript shows that the trial court allowed Kautz's counsel to tender some of the documents at issue into the record during the hearing, although it ruled that the facts to be proved by the documents were not in dispute and that some of the documents were irrelevant or were too old to affect the outcome of the proceedings.

Moreover, we note that Kautz's notice of appeal did not designate the documents at issue to be included in the appellate record. As a result, she is unable to show that the court's rulings regarding the purpose and length of the hearing were improper or that she was prejudiced thereby. See *Kirkendall v. Decker*, 271 Ga. 189,

5

Accordingly, we conclude that Kautz acquiesced in the court's manner of conducting the hearing and is, therefore, barred from complaining about that procedure on appeal. *Davis v. Phoebe Putney Health System*, 280 Ga. App. 505, 506 (1) (634 SE2d 452) (2006) ("A party cannot participate and acquiesce in a trial court's procedure and then complain of it.") (citation omitted).

3. Finally, the appellees' motion to dismiss this appeal is denied.

*Judgment affirmed. Phipps, C. J., Miller and McMillian, JJ., concur. Andrews, P. J., Barnes, P. J., and Branch, J., dissent.*

---

191 (516 SE2d 73) (1999) ("In order for an appellate court to make a determination about the correctness of a judgment at issue, it is the appellant's duty to include in the record on appeal the items necessary for the appellate court to objectively review the evidence and proceedings giving rise to the judgment. . . . In the absence of the relevant information, and there being a presumption in favor of the regularity of court proceedings, it must be assumed that the trial court's findings are supported by sufficient competent evidence and its judgment is thus affirmed.") (citations omitted).

A13A1963. KAUTZ v. POWELL et al.


BRANCH, Judge, dissenting.

The Snellville city charter grants the mayor, and not the city council, the power to hire the city attorney. Under longstanding Georgia law, the governmental official or entity granted the power to hire a public attorney for an indefinite term necessarily possesses the power to remove that attorney. I therefore dissent.

Section 3.12 of the city charter provides: "The mayor *shall* appoint a city attorney, together with such assistant city attorneys as may be authorized, and shall provide for the payment of such attorney or attorneys for services rendered to the city."[1] (Emphasis supplied.) The majority construes this command as excluding a mayor's concomitant power to remove a city attorney. In doing so, the majority authorizes a stalemate scenario in which the city council could effectively nullify the charter's command by removing any and all city attorneys duly appointed by the

---

[1] The mayor's unambiguous control over the power to appoint the city attorney stands in stark contrast to the charter's provision as to a city manager, for example, who "shall be nominated by the mayor with the confirmation of the city council," and who "shall serve at the pleasure of the mayor and the city council and may be suspended and removed by a vote of four members of the city council."

mayor. I cannot condone this result. See *United Healthcare of Ga. v. Ga. Dept. of Community Health*, 293 Ga. App. 84, 90 (666 SE2d 472) (2008) ("statutory construction must square with common sense and reasoning, and a statute should not be interpreted in a manner that would lead to an absurd result").

The Supreme Court of Georgia has long held, moreover, that a person or entity possessing the authority to hire a public official for an indefinite term necessarily also possesses the authority to terminate that official's service. "'[W]here the tenure of [an] office is not prescribed by law, *the power to remove is an incident to the power to appoint*. In such a case, the appointee holds at the pleasure of the appointing power. . . . [N]o formalities such as the preferring of charges against, or the granting of a hearing to the incumbent, are necessary to the lawful exercise of the discretionary power of removal.'" (Emphasis supplied.) *Bailey v. Dobbs*, 227 Ga. 838, 839 (1) (183 SE2d 461) (1972), quoting *Wright v. Gamble*, 136 Ga. 376, 378 (71 SE 795) (1911); see also *Clark v. Head*, 272 Ga. 104, 105-106 (2) (526 SE2d 859) (2000) (an assistant district attorney served "at the pleasure of the district attorney," who, as a public officer, "[could] not be hampered in the administration of duties to the public by

2

employee contracts").[2] It is undisputed that the Snellville city attorney does not serve for any specified term. Accordingly, the mayor of Snellville has the power to terminate the city attorney.

Both the trial court and the majority rely on Section 2.16 of the charter, which reserves unenumerated powers to the city council, to reach the conclusion that because "the General Assembly expressly and comprehensively reserved" all powers "not expressly delegated to the city council," the mayor cannot claim any implied power to remove the city attorney. But Section 2.16 itself provides that the city council "shall be vested with all the powers of government" of the city of Snellville "*[e]xcept as otherwise provided by law* or this Charter[.]" The longstanding rule outlined above is precisely such law, mandating that the mayor of Snellville, having

---

[2] This rule of appointment and removal does not apply to a "municipal employee, as distinguished from an officer, employed by a city under a lawful contract of employment for a fixed term," who cannot be discharged before the end of that term in the absence of cause. *Lentz v. City Council of Augusta*, 48 Ga. App. 555, 556 (173 SE 406) (1934). As defendants conceded below, the position of Snellville city attorney has never been and "will never [be] one [that] can be terminated only for cause." See *Dixon v. MARTA*, 242 Ga. App. 262, 264 (1) (529 SE2d 398) (2000) ("The right to continued employment may arise where there is a guarantee of employment for a fixed term, or where the employment allows termination *only* for cause") (emphasis supplied; citations omitted).

3

been granted the power to appoint a city attorney as a public official under the city charter, possesses the power to remove that official.

For these reasons, I respectfully dissent.

I am authorized to state that Presiding Judge Andrews and Presiding Judge Barnes join in this dissent.