297 Ga. 283
FINAL COPY

S14G1161. KAUTZ v. POWELL et al.

MELTON, Justice.

Kelly D. Kautz, the mayor of Snellville, filed a declaratory action against the members of the Snellville city council, seeking a declaration that she, as mayor, had sole authority to terminate the employment of the city attorney. The trial court ruled against her, and the Court of Appeals affirmed, finding that the city council, rather than the mayor, retained the sole power to remove the city attorney. Kautz v. Powell, 326 Ga. App. 816 (1) (755 SE2d 330) (2014). We granted Kautz's petition for a writ of certiorari to determine whether the Court of Appeals erred in this ruling, and, for the reasons that follow, we reverse.

"[T]he powers which a city government may lawfully exercise must be derived from its charter or the general laws of the [s]tate." Atlanta R. & Power Co. v. Atlanta Rapid-Transit Co., 113 Ga. 481, 482 (39 SE 12) (1901). In this regard, the Snellville city charter provides that "[t]he mayor shall appoint the city attorney, together with such assistant city attorneys as may be authorized, and shall provide for the payment of such attorney or attorneys for services rendered to the city." Snellville Charter § 3.12. Once the mayor has fulfilled his or her duty to appoint a city attorney, the city attorney can thereafter serve for an indefinite time, as it is undisputed in this case that there is nothing in the Snellville city charter to restrict the city attorney's appointment to office, and the

city attorney's term of office is not otherwise prescribed by law. Under such circumstances,

> [w]here[, as here,] the tenure of the office is not fixed by law, and no other provision is made for removals . . . it is . . . a sound and necessary rule to consider the [appointing authority's] power of removal as incident to the power of appointment.

(Citation and punctuation omitted.) Holder v. Anderson, 160 Ga. 433, 437 (128 SE 181) (1925). See also Wright v. Gamble, 136 Ga. 376, 378 (71 SE 795) (1911) ("It seems now to be the universally accepted rule, that, where the tenure of the office is not prescribed by law, the power to remove is an incident to the power to appoint.") (citations omitted); Keim v. United States, 177 U. S. 290, 293-294 (20 SCt 574, 44 LE 774) (1900) ("In the absence of specific provision to the contrary, the power of removal from office is incident to the power of appointment."); Bailey v. Dobbs, 227 Ga. 838, 839 (183 SE2d 461) (1971), quoting "universally accepted rule" of Wright, supra.

Accordingly, under the longstanding and universally accepted rule outlined above, the mayor retained the power to remove the city attorney after appointing him or her for an otherwise indefinite period of time. This remains so even under § 2.16 of the Snellville city charter on which the Court of Appeals erroneously relied to support its conclusion that the city council retained the sole power to terminate the employment of the city attorney. Section 2.16 of the charter provides: "Except as otherwise provided by law or this [c]harter, the city council

2

shall be vested with all the powers of government of this city." While it may be argued that § 2.16 provides the city council with powers not expressly granted to the mayor under the Snellville charter, § 2.16 simply is not specific enough to counter the "universally accepted rule" that is "provided by law" giving the mayor the power to remove the city attorney as incident to his or her power to appoint the city attorney. The Court of Appeals erred in concluding otherwise.[1]

Judgment reversed. All the Justices concur.

Decided June 15, 2015.

Certiorari to the Court of Appeals of Georgia – 326 Ga. App. 816.

Krevolin & Horst, Zahra S. Karinshak, Christopher E. Adams; Akin & Tate, S. Lester Tate III; Phyllis Miller; Kelly D. Kautz, for appellant.

Rubin Lublin, Jody C. Campbell; Webb Tanner Powell Mertz & Wilson, Anthony O. L. Powell, Robert J. Wilson; Hawkins Parnell Thackston & Young, Kathryn S. Whitlock, for appellees.

---

[1] Following the events that led to this lawsuit, the city council amended the city charter in an effort to resolve the dispute. However, we need not address the impact or lack thereof that the amended § 5.16 (c) of the Snellville city charter would have on the outcome of this case, as the actual decision regarding the removal of the city attorney was made under the version of the city charter that existed prior to the enactment of this amendment.