**SECOND DIVISION**
**MILLER, P. J.,**
**DOYLE and REESE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 25, 2017**

# In the Court of Appeals of Georgia

A17A1284. EMANUEL, et al. v. KAUTZ.

MILLER, Presiding Judge.

This is the second appearance of this case before this Court. In *Kautz v. Powell*, 297 Ga. 283 (773 SE2d 690) (2015) (*Kautz I*), the Supreme Court of Georgia reversed this Court and the trial court by finding that Kelly D. Kautz had authority to terminate the City Attorney when she was mayor of the City of Snellville. Id. at 284. On remand, the trial court awarded Kautz the attorney fees she incurred in successfully pursuing her appeal in *Kautz I*. In this case, Dave Emanuel, in his official capacity as Council Member, along with the other city council members (collectively the "City"), appeal from the trial court's award of fees, alleging that an award of appellate attorney fees is not permitted. For the reasons that follow, we conclude that Kautz was entitled to an award of reasonable fees for the work done on appeal which was

necessitated by her inability to obtain the relief requested from the trial court. Accordingly, we affirm the trial court's award of appellate attorney fees to Kautz.

Although the facts surrounding the various disputes between Kautz and the City are lengthy and have sparked three separate appeals,[1] the facts relevant to the present appeal are simple. Due to a conflict of interest between Kautz and the City Attorney that she was seeking to terminate, Kautz, in her official capacity, retained independent counsel to litigate the issue of her authority to terminate the City Attorney. After prevailing in *Kautz I*, Kautz moved for attorney fees in the trial court. It is undisputed that the City and Kautz reached a resolution concerning payment of fees incurred by Kautz at the trial level. At issue in this appeal are solely the attorney fees billed for the successful appellate work in *Kautz I*. The trial court held hearings, heard testimony, and ultimately awarded Kautz $52,005.00 in appellate fees and $8,094.45 in appellate expenses.

1. The City contends that the trial court erred in awarding fees incurred for appellate work to Kautz. We disagree.

---

[1] This Court decided an appeal over attorney fees for a separate dispute in October 31, 2016. *Bender et al. v. Kautz* (A16A0787, October 31, 2016).

2

> [W]here, as here, an official, acting in [her] official capacity, is required to hire outside counsel to assert a legal position the local government attorney cannot (because of a conflict in representing the local government) or will not assert, and the official is successful in asserting his or her position, the local government must pay the official's attorney fees. This is not because of any bad faith or improper conduct on the part of the local government . . . Rather, attorney fees in this instance are simply an expense of government operation.

*Gwinnett County. v. Yates*, 265 Ga. 504, 508-509 (2) (458 SE2d 791) (1995). This Court has specifically found this rule to apply to municipal government officials. *City of Stockbridge v. Stuart*, 329 Ga. App. 323, 329 (3) (765 SE2d 16) (2014). The City does not dispute that Kautz was acting in her official capacity in pursuing *Kautz I*, that she prevailed in *Kautz I*, or that a conflict existed which prevented the City Attorney from representing Kautz. Thus, the only question is whether fees are available for work done on appeal.

We conclude that Kautz is entitled to fees for her appeal. The purpose of *Yates* fees is to reimburse a government official for "an expense of government operation." *Yates*, supra, 25 Ga. at 509 (2). "[T]he official's entitlement to attorney fees depends on [her] success in asserting [her] position in court." *Heiskell v. Roberts*, 295 Ga. 795, 803 (4) (764 SE2d 368) (2014). Although Kautz was unsuccessful before the trial

3

court, she ultimately prevailed in her appeal. To award her attorney fees for trial but not for the appeal, where she was successful in asserting her position, would both contravene the language of *Yates* and disregard the fundamental purpose of *Yates* fees.

In *Jennings v. McIntosh County. Bd. of Comm'rs*, 276 Ga. 842, 847 (5) (583 SE2d 839) (2003), our Supreme Court cited *Yates* and concluded that the county official was entitled to fees because she prevailed on her principal claim. In a seemingly incongruous footnote in *Jennings*, however, the Court made a passing reference that "Jennings is incorrect in her assertion in argument that her award of costs should include her attorney fees in bringing this appeal." See id. fn. 8 (relying on *David G. Brown, P.E. v. Kent*, 274 Ga. 849 (561 SE2d 89) (2002)).

We find the footnote in *Jennings* to be limited to the facts of that case, and we do not interpret it to dictate the outcome of the case before us. First, the Court in *Jennings* relied on *Boswell v. Bramlett*, 274 Ga. 50 (549 SE2d 100) (2001), a case procedurally indistinguishable from the instant case, in which the county official lost in the trial court but prevailed on appeal. In *Boswell*, our Supreme Court expressly stated that the government official was entitled to attorney fees. 274 Ga. at 52-53 (3). Additionally, neither *Yates* nor *Boswell*, which are cited in the text of the *Jennings*

4

opinion, explicitly confined the award of fees to those incurred at the trial level. See

*Jennings*, supra, at 844 (5); *Boswell*, supra, 272 Ga. at 53 (3); *Yates*, supra, 265 Ga.

at 509 (2). Moreover, the *Jennings* footnote cites to a case that involved an award of

fees under OCGA § 13-6-11. See *David G. Brown*, supra, 274 Ga. at 90. That statute

addresses permissible fees when a defendant has acted in bad faith, has been

stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. See

OCGA § 13-6-11. As our case involves fees under *Yates*, which serves an entirely

different purpose than the fees in § 13-6-11, we do not construe this footnote to

render appellate fees inapplicable in Kautz's case. See *Yates*, 265 Ga. at 508-509 (2)

(recognizing that purpose of awarding fees has nothing to do with bad faith or

improper conduct on the part of the governmental authority).

The rule in *Yates* is clear: attorney fees are proper when the county official

prevails in a suit that is part of the government expense. That the official prevailed

on appeal, rather than before the trial court, does not negate that the attorney fees

incurred are an expense of government operations. Following the reasoning of *Yates*

and *Boswell*, we thus conclude that Kautz is entitled to an award of reasonable

attorney fees for the work done on appeal.

2. We next turn to whether the amount of fees is reasonable. The appellants argue that the amount of fees is not reasonable, and the trial court abused its discretion in awarding that amount. We find no error.

We review the trial court's assessment of reasonable fees for abuse of discretion. See *City of Stockbridge v. Stuart*, 329 Ga. App. 323, 329 (3) (765 SE2d 16) (2014).

Here, the trial court considered expert testimony about the reasonable and customary hourly rate, and concluded that $150 per hour was a reasonable amount. Counsel submitted copies of their invoices, and the parties stipulated that the invoices were correct. To show the amount awarded was unreasonable, appellants argue only that there were three law firms involved in solely a minimal amount of work, but they cite no case law in support of their position. Based on the invoices submitted by Kautz's attorneys, the trial court concluded that the work provided was "reasonable, necessary and valuable," but significantly reduced the award of fees from the nearly $100,000 requested to $52,005. The appellants have not shown that the trial court abused its discretion in awarding this reduced sum. Accordingly, we affirm both Kautz's entitlement to fees and the amount of fees awarded.

*Judgment affirmed. Doyle and Reese, JJ., concur.*

6